# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ROBERT J. KOCSIS  :
        Debtor  : No. 19-14299 ELF
          :
          : CHAPTER 13
          :

**THE HEARING ON THE FOLLOWING CLAIM OBJECTION WILL BE HELD ON MARCH 10th, 2020 AT 1:00 o'clock P.M. in COURTROOM No. 1, U.S. BANKRUPTCY COURT, THE ROBERT C. NIX BUILDING 900 MARKET STREET, PHILADELPHIA, PA 19107**

## DEBTOR'S OBJECTION TO ALLOWANCE OF CLAIM NO. 3-1 OF ANTHIUM, LLC

Debtor in this case, Robert J. Kocsis, objects to the allowance of claim # 3-1, filed by Anthium, LLC in the amount of $61,277.03 and attached hereto as Exhibit"A", upon the grounds indicated below:

### THE CLAIM INCLUDES INTEREST IN EXCESS OF THE STATED RATE ON THE NOTE

1. The claim has the underlying note attached as an Exhibit at its page 22 (EX "A").

2. The note contains two elements which formulate the variable interest rate; the margin which is fixed at 3.25% and the index rate which is the monthly median cost of funds of the Federal Home Loan Bank Board. A chart of applicable interest rates is attached hereto as Exhibit "B"

3. The former and current servicers of this loan made errors in the index rate or margin, or both and charged debtor extra interest beyond that legally due under the note.

4. For example, the change notice for October 5, 2005 attached hereto as Exhibit "C" claims that the index value is 2.87% yet Ex. "B" indicates that it should be 2.48% for the 45 day period before the notice (August). Therefore the change notice should have indicated 5.73% instead of 6.125%.

5. The claim of excess interest has been asserted before the state tribunal but was not decided but was stricken because of Pa.R.C.P. 1147 basically prohibiting counterclaims.

6. The objection here is contractual in nature and was not decided in the "in rem" proceeding".

7. The right to recoupment survives the foreclosure because the court struck debtor's counterclaim for excess interest and did not adjudicate or rule upon it, hence no issue preclusion, collateral estoppel or res judicata applies.

**THE CLAIM CONTAINS UNNECESSARY FORCED PLACE INSURANCE CHARGES**

8. The attachment to the present Claim No.  at page 4 et seq contains a payment history with $5879.53 in unnecessary forced place insurance charges as follows:

| | | | |
|---|---|---|---|
| 1/1/13 | $691.03 | 5/30/14 | $525.00 |
| 2/1/13 | $253.75 | 12/27/15 | $799.00 |
| 3/1/13 | $253.75 | 1/25/16 | $790.00 |
| 4/1/13 | $253.75 | 1/25/17 | $773.00 |
| 5/1/13 | $253.75 | 1/26/18 | $779.00 |
| 6/1/13 | $253.75 | | |
| 9/1/13 | $253.75 | | |

6. Debtor has had continuous insurance which he paid for during such period and naming the mortgage owner as insured; making the force placed insurance and the charge therefore unnecessary.

7. In addition, during the period of 1999-2001 debtor was overcharged $5643.10 for unnecessary forced place insurance. This amount was claimed and paid for in debtor's previous bankruptcy plan and should now be credited.

WHEREFORE, debtor should be credited with $11,522.63 against this claim.

**INTEREST ON INTEREST CHARGED IN LAST BANKRUPTCY**

8. Debtor was charged $14,617.95 in interest on interest in his last bankruptcy No. 06-25790 as exemplified by the Amended claim No. 3-2 in that case attached hereto as Exhibit "D".

9. At the time of that bankruptcy, Circuit law precluded such charges as did Act  6 and Pennsylvania Usury Laws.

10. Simple math dictates that if that amount ($14,617.95) was credited to principal when it

should have been, debtor's mortgage balance now, or at the time of foreclosure, was zero as he has proclaimed.

11. Debtor paid his plan out in full, the mortgage company was paid all of its claim, including the illegal interest.

### NO CREDIT FOR REFUND OF POUNDAGE

12. Pennsylvania law now prohibits sheriffs from collecting poundage when a sale is not consumated.

13. The claim, which came well after the sale cancellation, gives no credit to debtor for the refund of poundage of approximately $2000.00.

WHEREFORE, Debtor asks this Honorable Court to deny and disallow the claim in its entirety as contested, previously paid, illegal and / or unreasonable and excessive.

Respectfully submitted:

DATE: January 21st, 2020

Jon M. Adelstein /s/ 2315
Adelstein & Kaliner LLC
350 South Main St.
Suite 105
Doylestown, PA 18901
215-230-4250