**Fill in this information to identify the case:**

Debtor 1 ___Robert J. Kocsis_____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: ___Eastern District of Pennsylvania (Philadelphia)___
                                                                                (State)

Case number ___19-14299_____

Official Form 410

# Proof of Claim

04/19

**Read the Instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

___Anthium, LLC_____
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name ___Land Home Financial Services, Inc.___

Number   Street ___3611 South Harbor Blvd Suite 100___

City ___Santa Ana, CA 92704___   State   ZIP Code

Contact phone ___877-557-9042___
Contact email ___LH.Docs@lhfs.com___

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**Where should payments to the creditor be sent? (if different)**

Name ___Land Home Financial Services, Inc.___

Number   Street ___PO BOX 25164___

City ___Santa Ana, CA 92799-5164___   State   ZIP Code

Contact phone ___877-557-9042___
Contact email ___LH.Docs@lhfs.com___

**4. Does this claim amend one already filed?**

☒ No
☐ Yes.   Claim number on court claims registry (if known) _____

Filed on _____
             MM  /  DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes.   Who made the earlier filing? _____

# EXHIBIT "A"

EXHIBIT "A"

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  0238 |

| | |
|---|---|
| 7. **How much is the claim?** | $61,277.03 . **Does this amount include interest or other charges?**<br>☐ No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Money Loaned |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☐ No<br>☒ Yes.  The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☒ Real estate. 1106 Passer Road Coopersburg, PA 18036<br>    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:**    Mortgage / Deed of Trust<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br>**Amount of the claim that is secured:** $61,277.03<br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $61,277.03<br><br>**Annual Interest Rate** (when case was filed) 4.3750 %<br>☒ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☒ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☒ No<br>☐ Yes. Identify the property: _____ |

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☒ No |
| A claim may be partly priority and partly *nonpriority*. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* |

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

### Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

**If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    09/16/2019
                    MM / DD  /  YYYY

/s/ Lisa Cancanon
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Lisa Cancanon, | | |
| | First name | Middle name | Last name |
| Title | Attorney for Land Home Financial Services | | |
| Company | Weinstein & Riley, P.S. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 11101 West 120th Avenue #280 | | |
| | Number        Street | | |
| | Broomfield, CO 80021 | | |
| | City | State | ZIP Code |
| Contact phone | 3035398600 | Email | lisac@w-legal.com |

---

# Mortgage Proof of Claim Attachment

**If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.**

(12/15)

## Part 1: Mortgage and Case Information

| | |
|---|---|
| Case number: | 19-14299 |
| Debtor 1: | Robert J. Kocsis |
| Debtor 2: | |
| Last 4 digits to identify: | 0238 |
| Creditor: | Anthium, LLC |
| Servicer: | Land Home Financial Services, Inc |
| Fixed accrual/daily simple interest/other: | Fixed |

## Part 2: Total Debt Calculation

| | |
|---|---|
| Principal balance: | $21,327.52 |
| Interest due: | $5,930.21 |
| Fees, costs due: | $8,469.53 |
| Escrow deficiency for funds advanced: | $25,549.77 |
| Total debt: | $61,277.03 |

## Part 3: Arrearage as of Date of the Petition

| | |
|---|---|
| Principal & interest due: | $27,257.73 |
| Prepetition fees due: | $8,469.53 |
| Escrow deficiency for funds advanced: | $25,549.77 |
| Projected escrow shortage: | $0.00 |
| Less funds on hand: | $0.00 |
| Total prepetition arrearage: | $61,277.03 |

## Part 4: Monthly Mortgage Payment

| | |
|---|---|
| Principal & interest: | $359.36 |
| Monthly escrow: | $0.00 |
| Private mortgage insurance: | $0.00 |
| Total monthly payment: | $359.36 |

## Part 5 : Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or funds | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance / Unapplied funds balance |
| 04/01/2012 | $917.21 | | | | Installment Due | 04/01/2012 | $917.21 | | | | | | $27,631.65 | -$112.93 | $0.00 | -$3.00 |
| 04/02/2012 | $917.21 | | payment | | | 05/01/2012 | $0.00 | $810.71 | $106.50 | | | | $26,820.94 | -$112.93 | $0.00 | -$3.00 |
| 05/01/2012 | $917.22 | | | | Installment Due | | $917.22 | | | | | | $26,820.94 | -$112.93 | $0.00 | -$3.00 |
| 06/01/2012 | $917.22 | | | | Installment Due | | $1,834.44 | | | | | | $26,820.94 | -$112.93 | $0.00 | -$3.00 |
| 06/27/2012 | | $265.00 | | | Charge off | | $1,834.44 | | | | $265.00 | | $26,820.94 | -$112.93 | $0.00 | -$265.00 |
| 07/01/2012 | $917.22 | | | | Installment Due | | $2,751.66 | | | | | | $26,820.94 | -$112.93 | $0.00 | -$265.00 |
| 07/25/2012 | | $2,552.04 | | | Escrow Disbursement- School Tax | | $2,751.66 | | | -$2,552.04 | | | $26,820.94 | -$112.93 | -$2,664.97 | -$265.00 |
| 08/01/2012 | $917.22 | | | | Installment Due | | $3,668.88 | | | | | | $26,820.94 | -$112.93 | -$2,664.97 | -$265.00 |
| 09/01/2012 | $917.22 | | | | Installment Due | | $4,586.10 | | | | | | $26,820.94 | -$112.93 | -$2,664.97 | -$265.00 |
| 10/01/2012 | $917.22 | | | | Installment Due | | $5,503.32 | | | | | | $26,820.94 | -$112.93 | -$2,664.97 | -$265.00 |
| 11/01/2012 | $359.37 | | | | Installment | | $5,862.69 | | | | | | $26,820.94 | -$2,664.97 | -$265.00 | -$3.00 |

# Mortgage Proof of Claim Attachment: Additional Page (12/15)

Case number: 19-14299

Debtor 1: Robert J. Kocsis

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges funds balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | |
| | | Account Activity | | | | | | How Funds Were Applied/Amount Incurred | | | | Balance After Amount Received or Incurred | | | | |
| 12/01/2012 | $359.37 | | | Installment Due | | $6,222.06 | | | | | | $26,820.94 | | -$2,664.97 | -$265.00 | -$3.00 |
| 01/01/2013 | $359.37 | | | Installment Due | | $6,581.43 | | | | | | $26,820.94 | | -$2,664.97 | -$265.00 | -$3.00 |
| 01/01/2013 | | | $691.03 | Escrow Disbursement-Hazard Insurance | | $6,581.43 | | | -$691.03 | | | $26,820.94 | | -$3,356.00 | -$265.00 | -$3.00 |
| 01/01/2013 | | | $90.00 | Fee- Property Inspection | | $6,581.43 | | | | -$90.00 | | $26,820.94 | | -$3,356.00 | -$175.00 | -$3.00 |
| 02/01/2013 | | | | Installment Due | | $6,940.80 | | | | | | $26,820.94 | | -$3,356.00 | -$175.00 | -$3.00 |
| 02/01/2013 | | | $25.00 | Escrow Disbursement- Tax | | $6,940.80 | | | -$25.00 | | | $26,820.94 | | -$3,381.00 | -$175.00 | -$3.00 |
| 02/01/2013 | | | $90.00 | Fee- Property Inspection | | $6,940.80 | | | | -$90.00 | | $26,820.94 | | -$3,381.00 | -$85.00 | -$3.00 |
| 02/01/2013 | | | $253.75 | Escrow Disbursement- Hazard Insurance | | $6,940.80 | | | -$253.75 | | | $26,820.94 | | -$3,634.75 | -$85.00 | -$3.00 |
| 03/01/2013 | $359.37 | | | Installment Due | | $7,300.17 | | | | | | $26,820.94 | | -$3,634.75 | -$85.00 | -$3.00 |
| 03/01/2013 | $359.37 | | $45.00 | Fee- Property Inspection | | $7,300.17 | | | | -$45.00 | | $26,820.94 | | -$3,634.75 | -$40.00 | -$3.00 |
| 03/01/2013 | | | $253.75 | Escrow Disbursement- FP Insurance | | $7,300.17 | | | -$253.75 | | | $26,820.94 | | -$3,888.50 | -$40.00 | -$3.00 |

# Mortgage Proof of Claim Attachment: Additional Page

(12/15)

Case number: 19-14299

Debtor 1: Robert J. Kocsis

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/01/2013 | $359.37 | | | Installment Due | | $7,659.54 | | | | | | $26,820.94 | $3,888.50 | -$40.00 | -$3.00 | |
| 04/01/2013 | | | $253.75 | Escrow Disbursement-FP Insurance | | $7,659.54 | | | -$253.75 | | | $26,820.94 | $4,142.25 | -$40.00 | -$3.00 | |
| 05/01/2013 | $359.37 | | | Installment Due | | $8,018.91 | | | | | | $26,820.94 | $4,142.25 | -$50.00 | -$3.00 | |
| 05/01/2013 | | | $253.75 | Escrow Disbursement-FP Insurance | | $8,018.91 | | | -$253.75 | | | $26,820.94 | $4,396.00 | -$50.00 | -$3.00 | |
| 06/01/2013 | $359.37 | | | Installment Due | | $8,378.28 | | | | | | $26,820.94 | $4,396.00 | -$50.00 | -$3.00 | |
| 06/13/2013 | | | $90.00 | Fee- Property Inspection | | $8,378.28 | | | | -$90.00 | | $26,820.94 | $4,142.25 | $50.00 | -$3.00 | |
| 06/13/2013 | | | $253.75 | Escrow Disbursement-FP Insurance | | $8,378.28 | | | -$253.75 | | | $26,820.94 | $4,649.75 | $50.00 | -$3.00 | |
| 07/01/2013 | $359.37 | | | Installment Due | | $8,737.65 | | | | | | $26,820.94 | $4,649.75 | $50.00 | -$3.00 | |
| 07/13/2013 | | | $45.00 | Fee- Property Inspection | | $8,737.65 | | | | -$45.00 | | $26,820.94 | $4,649.75 | $95.00 | -$3.00 | |
| 07/13/2013 | | | $769.85 | Escrow Disbursement-Tax | | $8,737.65 | | | -$769.85 | | | $26,820.94 | $5,419.60 | $95.00 | -$3.00 | |
| 08/01/2013 | $359.37 | | | Installment Due | | $9,097.02 | | | | | | $26,820.94 | | $95.00 | -$3.00 | |
| 08/13/2013 | | | $45.00 | Fee- Property | | $9,097.02 | | | | -$45.00 | | $26,820.94 | | $140.00 | -$3.00 | |

# Mortgage Proof of Claim Attachment: Additional Page (12/15)

Case number: 19-14299
Debtor 1: Robert J. Kocsis

## Part 5 : Loan Payment History from First Date of Default

| A. Date | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| 8/13/2013 | | | | Inspection | | $9,097.02 | | | | | | $26,820.94 | - | $5,419.60 | $140.00 | -$3.00 |
| 8/13/2013 | | | $761.25 | Escrow Disbursement-Tax | | $9,097.02 | | | -$761.25 | | | $26,820.94 | - | $6,180.85 | $140.00 | -$3.00 |
| 09/01/2013 | $359.37 | | | Installment Due | | $9,456.39 | | | | | | $26,820.94 | - | $6,180.85 | $140.00 | -$3.00 |
| 09/13/2013 | | | $45.00 | Fee-Property Inspection | | $9,456.39 | | | | -$45.00 | | $26,820.94 | - | $6,180.85 | $185.00 | -$3.00 |
| 09/13/2013 | | | $253.75 | Escrow Disbursement-Hazard Insurance | | $9,456.39 | | | -$253.75 | | | $26,820.94 | - | $6,434.60 | $185.00 | -$3.00 |
| 11/01/2013 | $359.37 | | | Installment Due | | $9,815.76 | | | | | | $26,820.94 | - | $6,434.60 | $185.00 | -$3.00 |
| 11/01/2013 | $359.37 | | | Installment Due | | $10,175.13 | | | | | | $26,820.94 | - | $6,434.60 | $185.00 | -$3.00 |
| 12/01/2013 | $359.37 | | | Installment Due | | $10,534.50 | | | | | | $26,820.94 | - | $6,434.60 | $185.00 | -$3.00 |
| 01/01/2014 | $359.37 | | | Installment Due | | $10,893.87 | | | | | | $26,820.94 | - | $6,434.60 | $185.00 | -$3.00 |
| 02/01/2014 | $359.37 | | | Installment Due | | $11,253.24 | | | | | | $26,820.94 | - | $6,434.60 | $185.00 | -$3.00 |
| 03/01/2014 | $359.37 | | | Installment Due | | $11,612.61 | | | | | | $26,820.94 | - | $6,434.60 | $185.00 | -$3.00 |
| 04/01/2014 | $359.37 | | | Installment Due | | $11,971.98 | | | | | | $26,820.94 | - | $6,434.60 | $185.00 | -$3.00 |
| 05/01/2014 | $359.37 | | | Installment | | $12,331.35 | | | | | | $26,820.94 | - | $6,434.60 | $185.00 | -$3.00 |

Official Form 410A

Mortgage Proof of Claim Attachment

# Mortgage Proof of Claim Attachment: Additional Page   (12/15)

Case number: 19-14299

Debtor 1: Robert J. Kocsis

## Part 5 : Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount due to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | |
| 05/07/2014 | | | $14.00 | Fee- Property Inspection | | $12,331.35 | | | | -$14.00 | | $26,820.94 | | -$6,434.60 | $199.00 | -$3.00 |
| 05/30/2014 | | | $525.00 | Escrow Disbursement - Hazard Insurance | | $12,331.35 | | | -$525.00 | | | $26,820.94 | | -$6,959.60 | $199.00 | -$3.00 |
| 06/06/2014 | | | $721.13 | Escrow Disbursement - Tax | | $12,690.72 | | | -$721.13 | | | $26,820.94 | | -$10,371.02 | $199.00 | -$3.00 |
| 06/06/2014 | | | $19.71 | Escrow Disbursement - Tax | | $12,690.72 | | | -$19.71 | | | $26,820.94 | | -$10,390.73 | $199.00 | -$3.00 |
| 06/06/2014 | | | $5.00 | Escrow Disbursement - Tax | | $12,690.72 | | | -$5.00 | | | $26,820.94 | | -$10,395.73 | $199.00 | -$3.00 |
| 06/06/2014 | | | $2,690.29 | Escrow Disbursement - Tax | | $12,690.72 | | | $2,690.29 | | | $26,820.94 | | -$9,649.89 | $199.00 | -$3.00 |
| 06/01/2014 | $359.37 | | | Installment Due | | $12,690.72 | | | | | | $26,820.94 | | -$6,959.60 | $199.00 | -$3.00 |
| 06/09/2014 | | | $14.00 | Fee- Property Inspection | | $12,690.72 | | | | -$14.00 | | $26,820.94 | | -$10,395.73 | $199.00 | -$3.00 |
| 07/01/2014 | $359.37 | | | Installment Due | | $13,050.09 | | | | | | $26,820.94 | | -$10,395.73 | $213.00 | -$3.00 |
| 07/11/2014 | | | $14.00 | Fee- Property Inspection | | $13,050.09 | | | | -$14.00 | | $26,820.94 | | -$10,395.73 | $227.00 | -$3.00 |
| 07/29/2014 | | $2,579.91 | | Escrow Advance | | $13,050.09 | | | $2,579.91 | | | $26,820.94 | | -$7,815.82 | $227.00 | -$3.00 |
| 07/29/2014 | | $75.00 | | Fee- Broker | | $13,050.09 | | | | -$75.00 | | $26,820.94 | | - | $302.00 | -$3.00 |

# Mortgage Proof of Claim Attachment: Additional Page

(12/15)

Case number: _____

Debtor 1: __Robert J. Kocsis__    19-14299

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | |
| | | | Account Activity | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
| 08/01/2014 | $359.37 | | | Installment Due | | $13,409.46 | | | | | | $26,820.94 | | $7,815.82 | $302.00 | -$3.00 |
| 08/15/2014 | | $639.39 | | payment | | $13,409.46 | | | | | $639.39 | $26,820.94 | | $7,815.82 | $302.00 | $302.00 |
| | | | | Fees | | | | | | | | | | | | |
| 09/01/2014 | $359.37 | | $2,531.91 | Escrow Disbursement - Tax | | $13,409.46 | | | -$2,531.91 | | | $26,820.94 | -$10,347.73 | $7,815.82 | $302.00 | $636.39 |
| 09/01/2014 | | | $75.00 | Fee - Broker Fees | | $13,409.46 | | | | -$75.00 | $639.39 | $26,820.94 | -$10,347.73 | $377.00 | $377.00 | $636.39 |
| 09/01/2014 | $359.37 | | | Installment Due | | $13,768.83 | | | | | | $26,820.94 | -$10,347.73 | $377.00 | $377.00 | $636.39 |
| 09/15/2014 | | $5.00 | | Escrow Payment | | $13,768.83 | | | | $5.00 | | $26,820.94 | -$10,347.73 | $372.00 | $302.00 | $636.39 |
| 09/24/2014 | | $639.39 | | suspense disbursement | 06/01/2012 | $12,851.61 | $813.84 | $103.37 | $0.01 | | -$280.83 | $26,007.10 | -$10,347.72 | $372.00 | $372.00 | $355.55 |
| 10/01/2014 | $359.37 | | | Installment Due | | $13,210.88 | | | | | | $26,007.10 | -$10,347.72 | $372.00 | $372.00 | $355.55 |
| 10/23/2014 | | $639.39 | | suspense disbursement | 07/01/2012 | $12,293.76 | $816.97 | $100.24 | $0.01 | | -$280.83 | $25,190.13 | -$10,347.71 | $372.00 | $372.00 | $74.73 |
| 11/01/2014 | $359.37 | | | Installment Due | | $12,653.13 | | | | | | $25,190.13 | -$10,347.71 | $372.00 | $372.00 | $74.73 |
| 11/06/2014 | | | $14.00 | Fee - Property Inspection | | $12,653.13 | | | | -$14.00 | | $25,190.13 | -$10,347.71 | $386.00 | $386.00 | $74.73 |
| 12/01/2014 | $359.37 | | | Installment Due | | $13,012.50 | | | | | | $25,190.13 | -$10,347. | $386.00 | $386.00 | $74.73 |

Official Form 410A    Mortgage Proof of Claim Attachment

# Mortgage Proof of Claim Attachment: Additional Page

(12/15)

Case number: 19-14299

Debtor 1: Robert J. Kocsis

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | |
| | | | | **Account Activity** | | | | | **How Funds Were Applied/Amount Incurred** | | | | | **Balance After Amount Received or Incurred** | | |
| 02/05/2014 | $359.37 | $636.39 | | payment | | $13,012.50 | | | | | $636.39 | $25,190.13 | $10,347.71 | - | $386.00 | $711.12 |
| 12/08/2014 | | | $14.00 | Fee- Property Inspection | | $13,012.50 | | | | -$14.00 | | $25,190.13 | $10,347.71 | - | $400.00 | $711.12 |
| 12/27/2015 | | | $799.00 | Escrow Disbursement- Hazard Insurance | | $13,371.87 | | | -$799.00 | | | $25,190.13 | $11,146.71 | - | $400.00 | $711.12 |
| 01/15/2015 | | | $14.00 | Fee- Property Inspection | | $13,371.87 | | | | -$14.00 | | $25,190.13 | $10,347.71 | - | $414.00 | $711.12 |
| 02/01/2015 | $359.37 | | | Installment Due | | $13,371.87 | | | | | | $25,190.13 | $11,146.71 | - | $414.00 | $711.12 |
| 02/24/2015 | | | $14.00 | Fee- Property Inspection | | $13,731.24 | | | | -$14.00 | | $25,190.13 | $11,146.71 | - | $414.00 | $711.12 |
| 03/01/2015 | $359.37 | | | Installment Due | | $13,731.24 | | | | | | $25,190.13 | $11,146.71 | - | $428.00 | $711.12 |
| 03/17/2015 | | $1,817.32 | | payment | | $14,090.61 | | | | | $1,817.32 | $25,190.13 | $11,146.71 | - | $428.00 | $2,528.44 |
| 03/17/2015 | | | $14.00 | Fee- Property Inspection | | $14,090.61 | | | | -$14.00 | | $25,190.13 | $11,146.71 | - | $442.00 | $2,528.44 |
| 04/01/2015 | $359.37 | | | Installment Due | | $14,449.98 | | | | | | $25,190.13 | $11,146.71 | - | $442.00 | $2,528.44 |
| 04/02/2015 | | | $75.00 | Fee- Broker Fees | | $14,449.98 | | | | -$75.00 | | $25,190.13 | $11,146.71 | - | $517.00 | $2,528.44 |

Official Form 410A                     Mortgage Proof of Claim Attachment

# Mortgage Proof of Claim Attachment: Additional Page

(12/15)

Case number:  19-14299

Debtor 1:  Robert J. Kocsis

## Part 5 : Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Pin, int & esc past due | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/14/2015 | | | $795.21 | Escrow Disbursement - Tax | | $14,449.98 | | | -$795.21 | | | $25,190.13 | | -$11,941.92 | $517.00 | $2,528.44 |
| 05/01/2015 | $359.37 | | | Installment Due | | $14,809.35 | | | | | | $25,190.13 | | -$11,941.92 | $517.00 | $2,528.44 |
| 06/27/2015 | | $2,000.00 | | payment | | $14,809.35 | | | | | $2,000.00 | $25,190.13 | | -$11,941.92 | $517.00 | $4,528.44 |
| 06/01/2015 | $359.37 | | | Installment Due | | $15,168.72 | | | | | | $25,190.13 | | -$11,941.92 | $517.00 | $4,528.44 |
| 07/01/2015 | $359.37 | | | Installment Due | | $15,528.09 | | | | | | $25,190.13 | | -$11,941.92 | $517.00 | $4,528.44 |
| 07/01/2015 | $359.37 | | | Installment Due | | $15,887.46 | | | | | | $25,190.13 | | -$11,941.92 | $517.00 | $4,528.44 |
| 08/01/2015 | $359.37 | | | Installment Due | | $15,887.46 | | | | | | $25,190.13 | | -$11,941.92 | $517.00 | $4,528.44 |
| 08/19/2015 | | | $2,555.49 | Escrow Disbursement - Tax | | | | | -$2,555.49 | | | $25,190.13 | | -$14,497.41 | $517.00 | $4,528.44 |
| 09/01/2015 | $359.37 | | | Installment Due | | $16,246.83 | | | | | | $25,190.13 | | -$14,497.41 | $517.00 | $4,528.44 |
| 10/01/2015 | $359.37 | | | Installment Due | | $16,606.20 | | | | | | $25,190.13 | | -$14,497.41 | $517.00 | $4,528.44 |
| 11/01/2015 | $359.37 | | | Installment Due | | $16,965.57 | | | | | | $25,190.13 | | -$14,497.41 | $517.00 | $4,528.44 |
| 12/01/2015 | $359.37 | | | Installment Due | | $17,324.94 | | | | | | $25,190.13 | | -$14,497.41 | $517.00 | $4,528.44 |
| 01/01/2016 | $359.37 | | | Installment Due | | $17,684.31 | | | | | | $25,190.13 | | -$14,497.41 | $517.00 | $4,528.44 |

Account Activity

How Funds Were Applied/Amount Incurred

Balance After Amount Received or Incurred

Official Form 410A     Mortgage Proof of Claim Attachment

Case 19-14299-elf   Claim 3-1   Filed 08/16/19   Desc Main Document   Page 12 of 72

# Mortgage Proof of Claim Attachment: Additional Page (12/15)

Case number: 19-14299
Debtor 1: Robert J. Kocsis

## Part 5 : Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | Account Activity D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | How Funds Were Applied/Amount Incurred H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | Balance After Amount Received or Incurred M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/25/2016 | | | $790.00 | Escrow Disbursement- Hazard Insurance | | $17,684.31 | | | -$790.00 | | | $25,190.13 | - | -$15,287.41 | $517.00 | $4,528.24 |
| 02/01/2016 | $359.37 | | | Installment Due | | $18,043.68 | | | | | | $25,190.13 | - | -$15,287.41 | $517.00 | $4,523.24 |
| 03/01/2016 | $359.37 | | | Installment Due | | $18,403.05 | | | | | | $25,190.13 | - | -$15,287.41 | $517.00 | $4,528.02 |
| 03/24/2016 | | | $917.22 | suspense disbursement | 08/01/2012 | $17,485.83 | $820.12 | $97.09 | $0.01 | | -$917.22 | $24,370.01 | - | -$15,287.40 | $517.00 | $3,611.00 |
| 03/24/2016 | | | $917.22 | suspense disbursement | 09/01/2012 | $16,568.61 | $823.28 | $93.93 | $0.01 | | -$917.22 | $23,546.73 | - | -$15,287.39 | $517.00 | $2,694.80 |
| 03/24/2016 | | | $917.22 | suspense disbursement | 10/01/2012 | $15,651.39 | $826.46 | $90.75 | $0.01 | | -$917.22 | $22,720.27 | - | -$15,287.38 | $517.00 | $1,776.00 |
| 03/24/2016 | | | $359.37 | suspense disbursement | 11/01/2012 | $15,292.02 | $277.53 | $82.83 | $0.01 | | -$359.37 | $22,443.74 | - | -$15,287.37 | $517.00 | $1,417.00 |
| 03/24/2016 | | | $359.37 | suspense disbursement | 12/01/2012 | $14,932.65 | $278.55 | $81.83 | $0.01 | | -$359.37 | $22,166.21 | - | -$15,287.36 | $517.00 | $1,058.60 |
| 03/24/2016 | | | $359.37 | suspense disbursement | 01/01/2013 | $14,573.28 | $279.56 | $80.81 | $0.01 | | -$359.37 | $21,887.66 | - | -$15,287.35 | $517.00 | $698.60 |
| 03/24/2016 | | | $359.37 | suspense disbursement | 02/01/2013 | $14,213.91 | $280.12 | $79.80 | $0.01 | | -$359.37 | $21,608.10 | - | -$15,287.34 | $517.00 | $339.30 |
| 04/01/2016 | $359.37 | | | Installment Due | | $14,573.28 | | | | | | $21,608.10 | - | -$15,287.34 | $517.00 | $339.30 |
| 05/01/2016 | $359.37 | | | Installment Due | | $14,932.65 | | | | | | $21,608.10 | - | -$15,287.34 | $517.00 | $339.30 |

Case 19-14299-elf   Claim 3-1   Filed 09/16/19   Desc Main Document   Page 13 of 22

# Mortgage Proof of Claim Attachment: Additional Page

(12/15)

Case number: 19-14299

Debtor 1: Robert J. Kocsis

## Part 5 : Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | Fees / Charges balance | Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Account Activity | | | | | | How Funds Were Applied/Amount Incurred | | | | Balance After Amount Received or Incurred | | | |
| 05/24/2016 | | $869.30 | | Escrow Repay | | $14,932.65 | | | $869.30 | | | $21,608.10 | | -$14,418.04 | $517.00 | $339.30 |
| 06/01/2016 | $359.37 | | | Installment Due | | $15,292.02 | | | | | | $21,608.10 | | -$14,418.04 | $517.00 | $339.30 |
| 07/01/2016 | $359.37 | | | Installment Due | | $15,651.39 | | | | | | $21,608.10 | | -$14,418.04 | $517.00 | $339.30 |
| 07/22/2016 | | | $11.00 | Fee- Property Preservation | | $15,651.39 | | | | -$11.00 | | $21,608.10 | | -$14,418.04 | $528.00 | $339.30 |
| 08/09/2016 | | | $2,579.91 | Escrow Disbursement - Tax | | $15,651.39 | | | -$2,579.91 | | | $21,608.10 | | -$14,418.04 | $528.00 | $339.30 |
| 08/01/2016 | $359.37 | | | Installment Due | | $16,010.76 | | | | | | $21,608.10 | | -$16,997.95 | $528.00 | $339.30 |
| 08/22/2016 | | | $11.00 | Fee- Property Preservation | | $16,010.76 | | | | -$11.00 | | $21,608.10 | | -$16,997.95 | $539.00 | $339.30 |
| 09/01/2016 | $359.37 | | | Installment Due | | $16,370.13 | | | | | | $21,608.10 | | -$16,997.95 | $539.00 | $339.30 |
| 09/07/2016 | | | $355.00 | Fee- Appraisal | | $16,370.13 | | | | -$355.00 | | $21,608.10 | | -$16,997.95 | $894.00 | $339.30 |
| 09/09/2016 | | | $11.00 | Fee- Property Inspection | | $16,370.13 | | | | -$11.00 | | $21,608.10 | | -$16,997.95 | $905.00 | $339.30 |
| 10/01/2016 | $359.37 | | | Installment Due | | $16,729.50 | | | | | | $21,608.10 | | -$16,997.95 | $905.00 | $339.30 |
| 11/01/2016 | $359.37 | | | Installment Due | | $17,088.87 | | | | | | $21,608.10 | | -$16,997.95 | $905.00 | $339.30 |
| 11/25/2016 | | | $250.00 | Fee- Attorney | | $17,088.87 | | | | -$250.00 | | $21,608.10 | | -$16,997.95 | $1,155.00 | $339.30 |

# Mortgage Proof of Claim Attachment: Additional Page

(12/15)

Case number: 19-14299

Debtor 1: Robert J. Kocsis

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/01/2016 | $359.37 | | | Installment Due | | $17,448.24 | | | | | | $21,608.10 | - | $16,997.95 | $1,155.0 | $339.30 |
| 02/02/2016 | | | $359.37 | suspense disbursement | 03/01/2013 | $17,088.87 | | | | | -$359.37 | $21,327.52 | - | $16,997.94 | $1,155.0 | -$20.07 |
| 02/22/2016 | | $20.07 | | payment | | $17,088.87 | $280.58 | $78.78 | $0.01 | | $20.07 | $21,327.52 | - | $16,997.94 | $1,155.0 | $0.00 |
| 12/23/2016 | | | $11.00 | Fee- Property Inspection | | $17,088.87 | | | | -$11.00 | | $21,327.52 | - | $16,997.94 | $1,166.0 | $0.00 |
| 01/01/2017 | $359.37 | | | Installment Due | | $17,448.24 | | | | | | $21,327.52 | - | $16,997.94 | $1,166.0 | $0.00 |
| 01/10/2017 | | | $50.00 | Fee- FC Fees | | $17,448.24 | | | | -$50.00 | | $21,327.52 | - | $16,997.94 | $1,216.0 | $0.00 |
| 01/10/2017 | | | $655.00 | Fee- FC Fees | | $17,448.24 | | | | -$655.00 | | $21,327.52 | - | $16,997.94 | $1,871.0 | $0.00 |
| 01/24/2017 | | | $11.00 | Fee- Property Inspection | | $17,448.24 | | | | -$11.00 | | $21,327.52 | - | $16,997.94 | $1,882.0 | $0.00 |
| 01/25/2017 | | | $773.00 | Escrow Disbursement- Hazard Insurance | | $17,448.24 | | | -$773.00 | | | $21,327.52 | - | $17,770.94 | $1,882.0 | $0.00 |
| 02/01/2017 | $359.37 | | | Installment Due | | $17,807.61 | | | | | | $21,327.52 | - | $17,770.94 | $1,882.0 | $0.00 |
| 02/07/2017 | | | $355.00 | Fee- Appraisal | | $17,807.61 | | | | -$355.00 | | $21,327.52 | - | $17,770.94 | $2,237.0 | $0.00 |
| 02/17/2017 | | | $11.00 | Fee- Property | | $17,807.61 | | | | -$11.00 | | $21,327.52 | - | $17,770.94 | $2,248.0 | $0.00 |

Account Activity — Costs — How Funds Were Applied/Amount Incurred — Balance After Amount Received or Incurred

# Mortgage Proof of Claim Attachment: Additional Page

(12/15)

Case number: 19-14299

Debtor 1: Robert J. Kocsis

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | Account Activity — D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | How Funds Were Applied/Amount Incurred — H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | Balance After Amount Received or Incurred — M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/24/2017 | | | $655.00 | Fee-Corp Adv | | $17,807.61 | | | | -$655.00 | | $21,327.52 | $17,770.94 | | $2,903.00 | $0.00 |
| | | | | Inspection | | | | | | | | $21,327.52 | $17,770.94 | | $2,903.00 | $0.00 |
| 03/01/2017 | $359.37 | | | Installment Due | | $18,166.98 | | | | | | $21,327.52 | $18,640.24 | | $2,903.00 | $0.00 |
| 03/16/2017 | | | $14.34 | Late Charge | | $18,166.98 | | | | -$14.34 | | $21,327.52 | $18,640.24 | | $2,917.30 | $0.00 |
| 03/19/2017 | | | $869.30 | Escrow Disbursement-Tax | | $18,166.98 | | | -$869.30 | | | $21,327.52 | $18,640.24 | | $2,917.34 | $0.00 |
| 04/01/2017 | $359.37 | | | Installment Due | | $18,526.35 | | | | | | $21,327.52 | $18,640.24 | | $2,917.34 | $0.00 |
| | | | $14.34 | Late Charge | | $18,526.35 | | | | -$14.34 | | $21,327.52 | $18,640.24 | | $2,931.64 | $0.00 |
| 05/01/2017 | $359.37 | | | Installment Due | | $18,885.72 | | | | | | $21,327.52 | $18,640.24 | | $2,931.64 | $0.00 |
| 05/16/2017 | | | $14.34 | Late Charge | | $18,885.72 | | | | -$14.34 | | $21,327.52 | $18,640.24 | | $2,946.0 | $0.00 |
| 05/17/2017 | | | $11.00 | Fee-Property Inspection | | $18,885.72 | | | | -$11.00 | | $21,327.52 | $18,640.24 | | $2,957.0 | $0.00 |
| 06/01/2017 | $359.37 | | | Installment Due | | $19,245.09 | | | | | | $21,327.52 | $18,640.24 | | $2,957.0 | $0.00 |
| 06/15/2017 | | | $11.00 | Fee-Property Inspection | | $19,245.09 | | | | -$11.00 | | $21,327.52 | $18,640.24 | | $2,968.0 | $0.00 |
| 06/16/2017 | | | $14.34 | Late Charge | | $19,245.09 | | | | -$14.34 | | $21,327.52 | $18,640.24 | | $2,982.36 | $0.00 |

# Mortgage Proof of Claim Attachment: Additional Page

(12/15)

Case number: 19-14299

Debtor 1: Robert J. Kossis

## Part 5 : Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | **Account Activity** | | | | **How Funds Were Applied/Amount Incurred** | | | | | **Balance After Amount Received or Incurred** | | | | |
| 07/01/2017 | $359.37 | | | Installment Due | | $19,604.46 | | | | | | $21,327.52 | - 24 | $18,640.24 | $2,982.36 | $0.00 |
| 07/11/2017 | | | $11.00 | Fee- Property Inspection | | $19,604.46 | | | | -$11.00 | | $21,327.52 | - 24 | $18,640.24 | $2,993.36 | $0.00 |
| 07/14/2017 | | $57.36 | | Late Charge Adjustment | | $19,604.46 | | | | $57.36 | | $21,327.52 | - 24 | $18,640.24 | $2,936.00 | $0.00 |
| 08/03/2017 | | | $2,602.63 | Escrow Disbursement-Tax | | $19,963.83 | | | -$2,602.63 | | | $21,327.52 | - 87 | $21,242.87 | $2,936.00 | $0.00 |
| 08/14/2017 | | | $11.00 | Fee- Property Inspection | | $19,963.83 | | | | -$11.00 | | $21,327.52 | - 87 | $21,242.87 | $2,947.00 | $0.00 |
| 08/16/2017 | | | $14.34 | Late Charge | | $19,963.83 | | | | -$14.34 | | $21,327.52 | - 87 | $21,242.87 | $2,961.34 | $0.00 |
| 09/01/2017 | $359.37 | | | Installment Due | | $20,323.20 | | | | | | $21,327.52 | - 87 | $21,242.87 | $2,961.34 | $0.00 |
| 09/13/2017 | | | $95.00 | Fee- Broker Fees | | $20,323.20 | | | | -$95.00 | | $21,327.52 | - 87 | $21,242.87 | $3,056.34 | $0.00 |
| 09/17/2017 | | $14.34 | | Late Charge | | $20,323.20 | | | | -$14.34 | | $21,327.52 | - 87 | $21,242.87 | $3,070.68 | $0.00 |
| 10/01/2017 | $359.37 | | | Installment Due | | $20,682.57 | | | | | | $21,327.52 | - 87 | $21,242.87 | $3,070.68 | $0.00 |
| 10/13/2017 | | | $560.00 | Fee- FC Fees | | $20,682.57 | | | | -$560.00 | | $21,327.52 | - 87 | $21,242.87 | $3,630.68 | $0.00 |

Official Form 410A                Mortgage Proof of Claim Attachment

# Mortgage Proof of Claim Attachment Additional Page  (12/15)

Case number: 19-14299

Debtor 1: Robert J. Kosis

## Part 5 : Loan Payment History from First Date of Default

| A. Date | Account Activity | | | | F. Contractual due date | G. Prin, int & esc past due balance | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | | | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| 10/13/2017 | | | $256.23 | Fee- FC Costs | | $20,682.57 | | | | -$256.23 | | $21,327.52 | -$21,242.87 | $3,886.91 | $0.00 | $0.00 |
| 10/26/2017 | | | $555.00 | Fee- FC Fees | | $21,041.94 | | | | -$555.00 | | $21,327.52 | -$21,242.87 | $3,886.91 | $0.00 | $0.00 |
| 11/16/2017 | $359.37 | | | Installment Due | | $21,041.94 | | | | | | $21,327.52 | -$21,242.87 | $4,441.91 | $0.00 | $0.00 |
| 11/01/2017 | | | $58.00 | Fee- FC Costs | | $21,041.94 | | | | -$58.00 | | $21,327.52 | -$21,242.87 | $4,452.91 | $0.00 | $0.00 |
| 12/06/2017 | | | $11.00 | Fee- Property Inspection | | $21,401.31 | | | | -$11.00 | | $21,327.52 | -$21,242.87 | $4,510.91 | $0.00 | $0.00 |
| 12/18/2017 | | | $400.00 | Fee- Appraisal | | $21,401.31 | | | | -$400.00 | | $21,327.52 | -$21,242.87 | $4,510.91 | $0.00 | $0.00 |
| 12/01/2017 | $359.37 | | | Installment Due | | $21,401.31 | | | | | | $21,327.52 | -$21,242.87 | $4,921.91 | $0.00 | $0.00 |
| 01/01/2018 | | | $11.00 | Fee- Property Inspection | | $21,760.68 | | | | -$11.00 | | $21,327.52 | -$21,242.87 | $4,921.91 | $0.00 | $0.00 |
| 01/19/2018 | $359.37 | | | Installment Due | | $21,760.68 | | | | | | $21,327.52 | -$21,242.87 | $4,910.91 | $0.00 | $0.00 |
| 01/26/2018 | | | $779.00 | Escrow Disbursement- Hazard Insurance | | $21,760.68 | | | -$779.00 | | | $21,327.52 | -$22,021.87 | $4,932.91 | $0.00 | $0.00 |
| 02/01/2018 | $359.37 | | | Installment Due | | $22,120.05 | | | | | | $21,327.52 | -$22,021.87 | $4,932.91 | $0.00 | $0.00 |

# Mortgage Proof of Claim Attachment Additional Page

(12/15)

Case number: 19-14299
Debtor 1: Robert J. Kosis

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | Account Activity C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | How Funds Were Applied/Amount Incurred H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | Balance After Amount Received or Incurred M. Principal balance | N. Accrued interest balance | O. Escrow balance | Fees / Charges balance | Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/20/2018 | $359.37 | | $11.00 | Fee- Property Inspection | | $22,120.05 | | | | -$11.00 | | $21,327.52 | - | $22,021.87 | $4,943.91 | $0.00 |
| 03/01/2018 | $359.37 | | | Installment Due | | $22,479.42 | | | | | | $21,327.52 | - | $22,021.87 | $4,943.91 | $0.00 |
| 03/23/2018 | | | $1,075.00 | Fee- FC Fees | | $22,479.42 | | | | $1,075.00 | | $21,327.52 | - | $22,021.87 | $6,018.91 | $0.00 |
| 05/01/2018 | $359.37 | | | Installment Due | | $22,838.79 | | | | | | $21,327.52 | - | $22,021.87 | $6,018.91 | $0.00 |
| 05/01/2018 | | | $11.00 | Fee- Property Inspection | | $23,198.16 | | | | -$11.00 | | $21,327.52 | - | $22,021.87 | $6,029.91 | $0.00 |
| 05/03/2018 | | | $900.17 | Escrow Disbursement- Tax | | $22,838.79 | | | -$900.17 | | | $21,327.52 | - | $22,922.04 | $6,029.91 | $0.00 |
| 05/31/2018 | $359.37 | | | Installment Due | | $23,198.16 | | | | | | $21,327.52 | - | $22,922.04 | $6,029.91 | $0.00 |
| 06/12/2018 | | | $11.00 | Fee- Property Inspection | | $23,557.53 | | | | -$11.00 | | $21,327.52 | - | $22,922.04 | $6,040.91 | $0.00 |
| 06/01/2018 | $359.37 | | | Installment Due | | $23,557.53 | | | | | | $21,327.52 | - | $22,922.04 | $6,040.91 | $0.00 |
| 06/29/2018 | | | $28.68 | Late Charge | | $23,557.53 | | | | -$28.69 | | $21,327.52 | - | $22,922.04 | $6,069.60 | $0.00 |
| 07/01/2018 | $359.37 | | | Installment Due | | $23,916.90 | | | | | | $21,327.52 | - | $22,922.04 | $6,069.60 | $0.00 |
| 07/06/2018 | | | $11.00 | Fee- Property Inspection | | $23,916.90 | | | | -$11.00 | | $21,327.52 | - | $22,922.04 | $6,080.60 | $0.00 |
| 08/01/2018 | $359.37 | | | Installment | | $24,276.27 | | | | | | $21,327.52 | - | $22,922.04 | $6,080.60 | $0.00 |

Official Form 410A    Mortgage Proof of Claim Attachment

# Mortgage Proof of Claim Attachment: Additional Page

(12/15)

Case number: 19-14299
Debtor 1: Robert J. Kocsis

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc due past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | Account Activity | | |
| | | | | | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | |
| 08/10/2018 | | | $11.00 | Fee- Property Inspection | | $24,276.27 | | | | -$11.00 | | $21,327.52 | - | $22,922.04 | $6,091.6 | $0.00 |
| 08/21/2018 | | | $2,627.73 | Escrow Disbursement- Tax | | $24,276.27 | | | -$2,627.73 | | | $21,327.52 | - | $22,922.04 | $6,091.6 | $0.00 |
| 09/22/2018 | | | $27.58 | Fee- FC Costs | | $24,276.27 | | | | -$27.58 | | $21,327.52 | - | $25,549.77 | $6,119.1 | $0.00 |
| 10/27/2018 | | | $1,290.00 | Fee- FC Fees | | $24,276.27 | | | | -$1,290.00 | | $21,327.52 | - | $25,549.77 | $7,409.1 | $0.00 |
| 11/01/2018 | $359.37 | | | Installment Due | | $24,635.64 | | | | | | $21,327.52 | - | $25,549.77 | $7,409.1 | $0.00 |
| 09/01/2018 | $359.37 | | | Installment Due | | $24,995.01 | | | | | | $21,327.52 | - | $25,549.77 | $7,409.1 | $0.00 |
| 12/03/2018 | | | $14.37 | Late Charge | | $24,995.01 | | | | -$14.37 | | $21,327.52 | - | $25,549.77 | $7,423.5 | $0.00 |
| 12/18/2018 | | | $14.37 | Late Charge | | $24,995.01 | | | | -$14.37 | | $21,327.52 | - | $25,549.77 | $7,437.9 | $0.00 |
| 01/16/2019 | | | $14.37 | Late Charge | | $24,995.01 | | | | -$14.37 | | $21,327.52 | - | $25,549.77 | $7,452.2 | $0.00 |
| 02/19/2019 | | | $14.37 | Late Charge | | $24,995.01 | | | | -$14.37 | | $21,327.52 | - | $25,549.77 | $7,466.6 | $0.00 |
| 03/18/2019 | | | $14.37 | Late Charge | | $24,995.01 | | | | -$14.37 | | $21,327.52 | - | $25,549.77 | $7,481.0 | $0.00 |
| 04/08/2019 | | | $2,000.00 | Fee- Legal Fee | | $24,995.01 | | | | -$2,000.00 | | $21,327.52 | - | $25,549.77 | $9,481.0 | $0.00 |

Official Form 410A          Mortgage Proof of Claim Attachment

# Mortgage Proof of Claim Attachment: Additional Page

(12/15)

Case number:

Debtor 1: Robert J. Kocsis                    19-14299

## Part 5 : Loan Payment History from First Date of Default

| A. Date | Account Activity | | | | How Funds Were Applied/Amount Incurred | | | | Balance After Amount Received or Incurred | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |

| A. Date | B. | C. | D. | E. | F. | G. | H. | I. | J. | K. | L. | M. | N. | O. | P. | Q. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/08/2019 | | $330.43 | | Fee- Legal Fee | | $24,995.01 | | | | -$830.43 | | $21,327.52 | 77 | - $25,549. 77 | $10,311. 46 | $0.00 |
| | Balance Adjustment | | | | | $24,995.01 | | | | $1,841.93 | | $21,327.52 | - $25,549. 77 | - $8,469.5 3 | $0.00 |

# ADJUSTABLE RATE NOTE

**THIS DOCUMENT CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE. INCREASES IN THE INTEREST RATE WILL RESULT IN HIGHER PAYMENTS. DECREASES IN THE INTEREST RATE WILL RESULT IN LOWER PAYMENTS.**

Loan No. ▮▮▮▮▮▮▮

September 30, , 19 88   Bethlehem , PENNSYLVANIA

[City]   [State]

RD #4 Passer Road   Coopersburg   Pennsylvania   18036

[Property Address]   [City]   [State]   [Zip Code]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 116,500.00 (this amount is called "principal") plus interest, to the order of the Lender. The Lender is DIME REAL ESTATE SERVICES-PENNSYLVANIA, INC., a New York corporation having an office at 999 West Valley Road, Wayne, Pennsylvania 19087 . I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

I will be charged interest on the unpaid principal from the date of this Note continuing until the full amount of principal has been paid. I will pay interest at a yearly rate of 8.25 %. The rate of interest I will pay will change in accordance with Section 4 of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

Except when this Note is dated the first day of a month, I will make a payment of interest only from the date hereof to the first day of the following month.

I will pay principal and interest by making payments every month. I will make my monthly payments on the first day of each month beginning on November 01, , 19 88 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If on October 01, , 20 18 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at EAB Plaza (12th Floor), Uniondale, New York 11556-0122, or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payments will be in the amount of U.S. $ 875.23 . This amount will change if the rate of interest that I must pay changes. The Note Holder will determine my new rate of interest and the changed amount of my monthly payment in accordance with Section 4 of this Note.

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates

The rate of interest I will pay may change on the first day of October , 19 89 , and on that day every ☐ 6th ☐ 12th ☒ 36th ☐ 60th *(Check only one box)* month thereafter. Each date on which the rate of interest could change is called a "Change Date."

### (B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is: *(Check only one box)*
☒ the monthly median cost of funds ratio (annualized) (percent) as made available by The Federal Home Loan Bank Board

☐

If the Index is no longer available, the Note Holder will choose a new index which will be comparable, as determined by the Note Holder.

### (C) Setting the New Interest Rate and New Monthly Payment Amount

Before each Change Date, the Note Holder will calculate my new interest rate by adding a Margin of three and one-quarter percentage points ( 3.25 %) to the most recent Index figure available as of the date 45 days before each Change Date (Index + Margin) and then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, if any, this rounded amount will be the new rate of interest I am required to pay until the next Change Date.

The Note Holder will then determine the monthly payment amount that would be sufficient to repay the outstanding principal balance in full on the maturity date at my new rate of interest in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

PENNSYLVANIA
9663 (3/88) Variable Rate Mtge. Note

Page 1 of 3

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 10.75 %. Thereafter, my interest rate will never be increased on any single Change Date by more than two percentage points (2.00 %). My interest rate will never be greater than 13.90 %. *(A blank space or "N/A" means there is no limit on any increase or decrease in the interest rate I must pay)*

**(E) Effective Date of Changes**

The new rate of interest will become effective on each Change Date. I will pay the new amount of my monthly payment each month beginning on the first monthly payment date after the Change Date until the amount of my monthly payment is again changed or I have fully repaid the loan.

**(F) Notice of Changes**

The Note Holder will mail or deliver to me a notice of any changes in the amount of my interest rate or in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the name and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment, or partial prepayments, provided I pay an additional sum equal to: *[Check applicable box(es)]*

☐ _____ % of any amount prepaid in excess of 10% of the unpaid principal balance in any single calendar year.

☒ NONE

No charge will be imposed on any prepayment made within ninety (90) days after notice of a change in my monthly payment. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due date of my monthly payments unless the Note Holder agrees in writing to those delays. My partial prepayment will reduce the amount of my monthly payments only after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any of my monthly payments by the end of fifteen (15) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 4.00 % of my total overdue payment of principal, interest and escrow amounts. I will pay this late charge only once on any late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment within 30 days after it is due, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. If the Note Holder requires me to pay immediately in full, I will pay interest on the unpaid principal balance after default at the maximum rate as stated in Section 4 (D) above.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(C) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all its costs and expenses to enforce this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorney's fees.

**7. GIVING OF NOTICE**

Any notice that must be given to me under this Note will be given by delivering it or by mailing it addressed to me at the Property Address stated above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it to the Note Holder under the address stated in Section 3(A) above. A notice will be mailed to the Note Holder at a different address if I am given a notice of this different address.

**8. LOAN CHARGES**

It could be that this loan is subject to a law which sets maximum loan charges and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan would exceed permitted limits. If this is the case, then: (A) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (B) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**9.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts under this Note.

**11.  THIS NOTE SECURED BY A MORTGAGE**

In addition to the protection given to the Note Holder under this Note, a Mortgage, dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. The terms of that Mortgage are made a part of this Note.

**12.  TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

The Note Holder will not require immediate payment in full if all or any part of the Property, or if any right in the Property is sold, transferred or assigned without the Note Holder's prior written consent. Any provision contained in this Note or the Mortgage which gives Note Holder that right, will not be effective.

I will continue to be responsible for all of my promises and agreements under this Note and the Mortgage even if I sell, transfer or assign the Property to someone else, unless the Note Holder releases me in writing from my promises and agreements.

By signing this, I agree to and intend to be legally bound by all of the above.

Witnesses:

_____   Robert J. Kocsis
                           ROBERT J. KOCSIS              Borrower

_____   _____
                                                         Borrower

_____   _____
                                                         Borrower

_____   _____
                                                         Borrower

**PAY TO BEARER**

DIME SAVINGS BANK OF N.Y., F.S.B.

STATE OF PENNSYLVANIA

COUNTY OF __NORTHAMPTON__ } SS:

BY: _____

VICTOR L. LaPOMA, Vice President

I, __Brenda A. Martin__ a Notary Public in and for said county and state, do hereby certify that __Robert J. Kocsis__ , personally appeared before me and is (are) known or proved to me to be the person(s) who, being informed of the contents of the foregoing instrument, have executed same, and acknowledged said instrument to be (his, her, their) free and voluntary act and deed and that (he, she, they) executed said instrument for the purposes and uses therein set forth.

Witness my and official seal this __30th__ day of __September__ , 19__88__

My Commission Expires:

_____
Brenda A. Martin
                Notary Public

This instrument was prepared by _____

PAY TO THE ORDER OF
THE DIME SAVINGS BANK OF NEW YORK, FSB
WITHOUT RECOURSE
NORTHSHORE CONSOLIDATION CORP.
SUCCESSOR TO DIME REAL ESTATE SERVICES--
PENNSYLVANIA INC.

BY: _____
ROBERT J. McDONOUGH
ASSISTANT VICE PRESIDENT

NOTARIAL SEAL
BRENDA A. MARTIN, Notary Public
Bethlehem, Northampton County, PA
My Commission Expires May 13, 1992

PENNSYLVANIA
9663 (3/88) Variable Rate Mtge. Note

Page 3 of 3

**ALLONGE TO NOTE**

Loan #: ▮▮▮▮
Pool #: ▮▮▮▮

Borrower: ROBERT J. KOCSIS
Loan Amount: $116,500.00
Original Lender: DIME REAL ESTATE SERVICES-PENNSYLVANIA, INC.
Property Address: RD 4 PASSER RD, COOPERSBURG, PA 18036

Pay to the order of **Mortgage Electronic Registration Systems, Inc., its successors and
assigns, as r ominee for Ingomar Limited Partnership, its successors and assigns**
without reco urse.

**Alaska Lou siana Partners Limited Partnership, an Alaska Limited Partnership
By: Alaska Louisiana Newco, LLC, its General Partner**

_____
Name: Kevin J. Patrick
Title: Assistant Secretary

MIN # ▮▮▮▮▮▮▮▮

## ENDORSEMENT ALLONGE TO PROMISSORY NOTE

Pay to the order of *Ingomar Limited Partnership, Andiana Limited Partnership.*
without recourse.

MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC.,
As Nominee for Ingomar Limited Partnership.
A Nevada Limited Partnership

BY: _____
    Lisa Briggs, Assistant Secretary

Loan #: ▉▉▉▉▉▉▉ Borrower: KOCSIS
MIN: ▉▉▉▉▉▉▉▉▉▉
Pool 428/North American  BT/Ingomar

## ENDORSEMENT ALLONGE TO PROMISSORY NOTE

Pay to the order of JPMorgan Chase Bank as Trustee of the Security
National Mortgage Loan Trust 2002-1, without recourse.


INGOMAR LIMITED PARTNERSHIP,
A NEVADA LIMITED PARTNERSHIP
BY INGOMAR, INC., A NEVADA CORPORATION
ITS GENERAL PARTNER

By: _____
    SANDRA AUSTIN
    VICE PRESIDENT

## ENDORSEMENT ALLONGE TO PROMISSORY NOTE

Pay to the order of **CHRISTIANA BANK & TRUST COMPANY, AS OWNER TRUSTEE OF THE SECURITY NATIONAL FUNDING TRUST**
without recourse.

**JPMORGAN CHASE BANK AS TRUSTEE OF THE SECURITY NATIONAL MORTGAGE LOAN TRUST 2002-1, BY SN SERVICING CORPORATION, ITS ATTORNEY IN FACT**



BY: _____
    Sandra Austin, Vice President, OR
    Brett Summitt, Vice President

Loan # ███████
Borrower: KOCSIS ROBERT
Pool ██████ TO SNFT
SNFT/BMO

# ORIGINAL
### SN Servicing

## ENDORSEMENT ALLONGE TO PROMISSORY NOTE

Pay to the order of  **CHRISTIANA BANK & TRUST COMPANY, AS TRUSTEE
OF THE SEQUOIA FUNDING TRUST**

without recourse.


**CHRISTIANA BANK & TRUST COMPANY AS OWNER TRUSTEE FOR
SECURITY NATIONAL FUNDING TRUST, BY SN SERVICING
CORPORATION, AN ALASKA CORPORATION, ITS ATTORNEY IN FACT**


BY: _____

Sandra Austin, Vice President, OR
Brett Summitt, Vice President


Loan # ▓▓▓▓▓▓
Borrower:  ROBERT KOCSIS
Pool REFI/BMO TO BOA
SEQUOIA FT/BOA

# ORIGINAL
## SN Servicing

ENDORSEMENT ALLONGE TO PROMISSORY NOTE

Pay to the order of **Bayview Loan Servicing, LLC**                              ,
without recourse.

**CHRISTIANA BANK & TRUST COMPANY AS TRUSTEE OF THE SEQUOIA FUNDING TRUST, BY SN SERVICING CORPORATION, ITS ATTORNEY IN FACT**

BY: 

Sandra Austin, Vice President, OR
Brett Summitt, Vice President

Loan #▮▮▮▮▮▮▮
Borrower:  ROBERT KOCSIS
Pool REFI/BMO TO BOA
SEQUOIA FT/BOA

# ORIGINAL
## SN Servicing

ALLONGE TO NOTE    BV# ████████

Statement of Purpose: This Note Allonge is attached to and made part of the Note, for the purpose of Noteholder Endorsement to evidence a transfer of interest.

BORROWER:    ROBERT  KOCSIS

CO-BORROWER:

CO-BORROWER:

OBAL:    $116,500.00

NOTE DATE    9/30/1988

ADDRESS:    1106 PASSER ROAD COOPERSBURG, PA 180360000

PAY TO THE ORDER OF:

ATLANTICA, LLC

WITHOUT RECOURSE:

Bayview Dispositions IIIa, LLC

BY: _____

NAME:    ESLCAN SOTOLONGO

TITLE:    Assistant Vice-President

**ALLONGE**

BORROWERS: ROBERT J. KOCSIS

PRESENT OWNER AND HOLDER: THE DIME SAVINGS BANK OF NEW YORK, FSB

NOTE EXECUTION DATE: September 30, 1988

NOTE AMOUNT:  $ 116,500.00

        This allonge shall be annexed to the original Note (or a copy of the Note with a Lost Note Affidavit if the original cannot be located), referenced above for purposes of transferring same from the present Owner and Holder of the Note, THE DIME SAVINGS BANK OF NEW YORK, FSB ("transferor"), as of the date set forth below.  As a result of said transfer, THE DIME SAVINGS BANK OF NEW YORK, FSB has no further interest in the Note.

Dated:  June 28, 2000

                    Pay to the order of
                    ALASKA LOUISIANA PARTNERS
                    LIMITED PARTNERSHIP

                    without recourse,
                    representation or
                    warranty express of implied
                    this 28th day of June, 2000.

                    By:
                    Michael Blair, Vice President

ALLONGE TO NOTE        BV# ████████

Statement of Purpose: This Note Allonge is attached to and made part of the Note, for the purpose of Noteholder Endorsement to evidence a transfer of interest.

BORROWER:      ROBERT  KOCSIS

CO-BORROWER:

CO-BORROWER:

OBAL:          $116,500.00

NOTE DATE      9/30/1988

ADDRESS:       1106 PASSER ROAD COOPERSBURG, PA 180360000


PAY TO THE ORDER OF:

Bayview Dispositions IIIa, LLC


WITHOUT RECOURSE:

BAYVIEW LOAN SERVICING, LLC


BY: _____

NAME:   ESLOAN SOTOLONGO

TITLE:  Assistant Vice-President

ALLONGE TO NOTE        BV#    ▆▆▆▆▆▆▆

Statement of Purpose: This Note Allonge is attached to and made part of the Note, for the purpose of Noteholder Endorsement to evidence a transfer of interest.

BORROWER:        ROBERT  KOCSIS

CO-BORROWER:

CO-BORROWER:

OBAL:            $116,500.00

NOTE DATE        9/30/1988

ADDRESS:         1106 PASSER ROAD COOPERSBURG, PA 180360000

PAY TO THE ORDER OF:

ATLANTICA, LLC

WITHOUT RECOURSE:

Bayview Dispositions IIIa, LLC

BY: _____

NAME:    ESLCAN SOTOLONGO

TITLE:    Assistant Vice-President

ALLONGE TO NOTE        BV# ███████

Statement of Purpose: This Note Allonge is attached to and made part of the Note, for the purpose of Noteholder Endorsement to evidence a transfer of interest.

BORROWER:        ROBERT  KOCSIS

CO-BORROWER:

CO-BORROWER:

OBAL:            $116,500.00

NOTE DATE        9/30/1988

ADDRESS:         1106 PASSER ROAD COOPERSBURG, PA 180360000

PAY TO THE ORDER OF:

Bayview Dispositions IIIa, LLC

WITHOUT RECOURSE:

BAYVIEW LOAN SERVICING, LLC

BY: _____

NAME:    ESLOAN SOTOLONGO

TITLE:    Assistant Vice-President

# MORTGAGE

Loan No. _____

THIS MORTGAGE ("Security Instrument") is given on _____September 30,_____ 19 88 . The mortgagor is __ROBERT J. KOCSIS__

_____ ("Borrower"). This Security Instrument is given to DIME REAL ESTATE SERVICES—PENNSYLVANIA, INC., which is organized and existing under the laws of New York and whose address is ___999 West Valley Road, Wayne, Pennsylvania 19087___

_____ ("Lender"). Borrower owes Lender the principal sum of _One Hundred Sixteen Thousand Five Hundred and 00/100_ _____ Dollars (U.S.$_116,500.00___). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on ___October 01, 2018___ This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in _____Bucks_____ County, Pennsylvania:

LEGAL DESCRIPTION ATTACHED HERETO AND MARKED EXHIBIT "A"

which has the address of __RD 04 Passer Road__                    __Coopersburg__
                                         [Street]                              [City]
Pennsylvania ____18036____ ("Property Address");
                    [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") equal to one-twelfth of: (a) yearly taxes and assessments which may attain priority over this Security Instrument; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard insurance premiums; and (d) yearly mortgage insurance premiums, if any. These items are called "escrow items." Lender may estimate the Funds due on the basis of current data and reasonable estimates of future escrow items.

The Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay the escrow items. Lender may not charge for holding and applying the Funds, analyzing the account or verifying the escrow items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing that interest shall be paid on the Funds. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without

charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Security Instrument.

If the amount of the Funds held by Lender, together with the future monthly payments of Funds payable prior to the due dates of the escrow items, shall exceed the amount required to pay the escrow items when due, the excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly payments of Funds. If the amount of the Funds held by Lender is not sufficient to pay the escrow items when due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as required by Lender.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 19 the Property is sold or acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of Application as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to late charges due under the Note; second, to prepayment charges due under the Note, third, to amounts payable under paragraph 2; fourth, to interest due; and last, to principal due.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrowers shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when notice is given.

Unless Lender and Borrower otherwise agree in writing and application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 19 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Preservation and Maintenance of Property; Leaseholds.** Borrower shall not destroy, damage or substantially change the Property, allow the Property to deteriorate or commit waste. If this Security Instrument is on a leaseholds, Borrower shall comply with the provisions of the lease, and if Borrower acquires fee title to the Property, the leasehold and fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property; Mortgage Insurance.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the insurance in effect until such time as the requirement for the insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

**8. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**12. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**13. Legislation Affecting Lender's Rights.** If enactment or expiration of applicable laws has the effect of rendering any provision of the Note or this Security Instrument unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument and may invoke any remedies permitted by paragraph 19. If Lender exercises this option, Lender shall take the steps specified in the second paragraph of paragraph 17.

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note had no acceleration occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraphs 13 or 17.

**19. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraphs 13 and 17 unless applicable law provides otherwise). Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c); when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 19, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by applicable law.

**20. Lender in Possession.** Upon acceleration under paragraph 19 or abandonment of the Property, Lender (in person, by agent or by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the Property and to collects the rents of the Property including those past due. Any rents collected by Lender or the receiver shall be applied first to payment of the cost of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Security Instrument.

**21. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**22. Reinstatement Period.** Borrower's time to reinstate provided in paragraph 18 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

**23. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**24. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

**25. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

| | | |
|---|---|---|
| ☒ Adjustable Rate Rider | ☐ Condominium Rider | ☐ 1 - 4 Family Rider |
| ☐ Graduated Payment Rider | ☐ Planned Unit Development Rider | ☒ Regular Rider |
| ☐ Other(s) [specify] | | |

BY SIGNING BELOW, Borrower accepts, agrees to and intends to be legally bound by the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____    _Robert J. Kocsis_____ Borrower
                                    ROBERT J. KOCSIS

_____    _____ Borrower

_____    _____ Borrower

_____    _____ Borrower

THIS DOCUMENT RECORDED IN THE RECORDER OF DEEDS IN AND FOR THE COUNTY OF BUCKS, PA.
OCT 12 88

STATE OF PENNSYLVANIA
COUNTY OF NORTHAMPTON    } SS:

I, _Brenda A. Martin_ a Notary Public in and for said county and state, do hereby certify that _Robert J. Kocsis_____, personally appeared before me and is (are) known or proved to me to be the person(s) who, being informed of the contents of the foregoing instrument, have executed same, and acknowledged said instrument to be (his, her, their) free and voluntary act and deed and that (he, she, they) executed said instrument for the purposes and uses therein set forth.

Witness my hand and official seal this ___30th___ day of ___September___

My Commission Expires:

_____
Notary Public

This instrument was prepared by _____

I hereby Certify that the Address of the within Mortgagee is
999 West Valley Road, Wayne, PA 19087
PENNSYLVANIA
10128 (11-87) Mortgage

_____

NOTARIAL SEAL
BRENDA A. MARTIN, Notary Public
Bethlehem, Northampton County, PA
My Commission Expires May 13, 1992

LEGAL DESCRIPTION ATTACHED TO MORTGAGE DATED SEPTEMBER 30, 1988 FROM ROBERT J.
KOCSIS IN FAVOR OF DIME REAL ESTATE SERVICES - PENNSYLVANIA, INC.

EXHIBIT "A"

ALL THAT CERTAIN tract of land situate in the Township of
Springfield, County of Bucks and State of Pennsylvania, bounded
and described according to a recent survey and plan dated the
twenty-eighth day of July, A.D. 1970, made by Robert Richard
Kressler, Registered Surveyor, Wassergass Road, Hellertown,
Pennsylvania, as follows, to wit:

BEGINNING at an old iron pin for a corner at the intersection of
Township Road 485 and the easterly ditch line of Township Road
390 (abandoned); thence in and along said Township Road 485
South fifty-six degrees no minutes East one hundred sixty-three
and twenty-eight one-hundredths feet (S 56 degrees E 163.28 ft.)
to a point for a corner; thence along land now or late of James
J. Molnar, South twenty degrees twenty-nine minutes West three
hundred fifteen and sixty-three one-hundredths feet (S 20
degrees 29' W 315.63 ft.) to a point for a corner; thence along
the same North fifty-six degrees no minutes West one hundred
sixty-three and twenty-eight one-hundredths feet (N 56 degrees W
163.28 ft.) to an iron pin for a corner in the easterly ditch
line of the aforementioned abandoned Township Road 390; thence
along the said easterly ditch line of said abandoned Township
Road 390 and the westerly side of twelve and ninety-one
one-hundredths feet (12.91 ft.) wide right-of-way North twenty
degrees twenty-nine minutes East three hundred fifteen and
sixty-three one-hundredths feet (N 20 degrees 29' E 315.63 ft.)
to the place of beginning.

# ADJUSTABLE RATE RIDER TO THE MORTGAGE

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE. INCREASES IN THE INTEREST RATE WILL RESULT IN HIGHER PAYMENTS. DECREASES IN THE INTEREST RATE WILL RESULT IN LOWER PAYMENTS.**

This Rider is dated __September 30,__ , 19 __88__ and is a part of and changes and adds to the Mortgage of the same date which I have given to secure my Note of the same date (the "Note") to DIME REAL ESTATE SERVICES-PENNSYLVANIA, INC., (the "Lender"). The Mortgage covers the Property described in it and located at

| __RD #4 Passer Road__ | __Coopersburg__ | __Pennsylvania__ | __18036__ |
|---|---|---|---|
| [Property Address] | [City] | [State] | [Zip Code] |

Modifications. In addition to the covenants and agreements made in the Mortgage, the Lender and I further agree as follows:

## I. INTEREST RATE AND MONTHLY PAYMENT CHANGES

The Note provides for changes in the interest rate and monthly payments as follows:

### 2. INTEREST

I will be charged interest on the unpaid principal from the date of this Note until the full amount of principal has been paid. I will pay interest at a yearly rate of __8.25__ %. The rate of interest I will pay may change in accordance with Section 4 of this Note.

### 3. PAYMENTS

**(A) Time and Place of Payments**

Except when this Note is dated the first day of a month, I will make a payment of interest only from the date hereof to the first day of the following month.

I will pay principal and interest by making payments every month. I will make my monthly payments on the first day of each month beginning on __November 01,__ , 19 __88__ . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If on __October 01,__ , 20 __18__ , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at EAB Plaza (12th Floor), Uniondale, New York 11556-0122, or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My Monthly payments will be in the amount of U.S. $ __875.23__ . This amount will change if the rate of interest that I must pay changes. The Note Holder will determine my new rate of interest and the changed amount of my monthly payment in accordance with Section 4 of this Note.

### 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The rate of interest I will pay may change on the first day of __October__ , 19 __89__ , and on that day every ☐ 6th ☒ 12th ☐ 36th ☐ 60th (Check only one box) month thereafter. Each date on which the rate of interest could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is: (Check only one box)
☒ the monthly median cost of funds ratio (annualized) (percent) as made available by The Federal Home Loan Bank Board

☐

If the Index is no longer available, the Note Holder will choose a new index which will be comparable, as determined by the Note Holder.

**(C) Setting the New Interest Rate and New Monthly Payment Amount**

Before each Change Date, the Note Holder will calculate my new interest rate by adding a Margin of __three and one-quarter__ percentage points ( __3.25__ %) to the most recent Index figure available as of the date 45 days before each Change Date (Index + Margin) and then round the result of this addition to the nearest one-eighth of one percentage point (0.125 %). Subject to the limits stated in Section 4(D) below, if any, this rounded amount will be the new rate of interest I am required to pay until the next Change Date.

The Note Holder will then determine the monthly payment amount that would be sufficient to repay the outstanding principal balance in full on the maturity date at my new rate of interest in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 10.75 %. Thereafter, my interest rate will never be increased on any single Change Date by more than two percentage points ( 2.00 %). My interest rate will never be greater than 13.90 %. *(A blank space or 'N/A' means there is no limit on any increase or decrease in the interest rate I must pay)*

**(E) Effective Date of Changes**

The new rate of interest will become effective on each Change Date. I will pay the new amount of my monthly payment each month beginning on the first monthly payment date after the Change Date until the amount of my monthly payment is again changed or I have fully repaid the loan.

**(F) Notice of Changes**

The Note Holder will mail or deliver to me a notice of any changes in the amount of my interest rate or in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the name and telephone number of a person who will answer any question I may have regarding the notice.

**II. SALE OR TRANSFER OF PROPERTY**

The Lender will not require immediate payment in full if all or any part of the Property, or if any right in the Property is sold or transferred without Lender's prior written permission. Any provision contained in the Mortgage which gives Lender that right, will not be effective.

I will continue to be responsible for all of my promises and agreements under the Note and the Mortgage even if I sell or transfer the Property to someone else, unless the Lender releases me in writing from my promises and agreements.

By signing this, I agree to and intend to be legally bound by all of the above.

Witnesses:

_____   *Robert J. Kocsis*
                             ROBERT J. KOCSIS          Borrower

_____   _____
                                                       Borrower

_____   _____
                                                       Borrower

_____   _____
                                                       Borrower

# REGULAR RIDER TO MORTGAGE

This Rider is dated __September 30,__ , 19 __88__ and is a part of and changes and adds to the Mortgage of the same date which Borrower has given to secure Borrower's Note of the same date (the "Note") to **DIME REAL ESTATE SERVICES-PENNSYLVANIA, INC.** (the "Lender"). The Mortgage covers the Property described in it and located at

| RD #4 Passer Road | Coopersburg | Pennsylvania | 18036 |
|---|---|---|---|
| [Property Address] | [City] | [State] | [Zip Code] |

**Modifications.** In addition to the covenants and agreements made in the Mortgage, the Lender and Borrower further agree as follows:

## 26. CHANGES AND ADDITIONS TO THE MORTGAGE AND OTHER RIDERS

This Rider makes certain changes and additions to the attached Mortgage and other Riders. Whenever the terms, conditions and promises contained in the Mortgage (paragraph 1 to 25) and other Riders differ or are in conflict with this Rider, the provisions of this Rider will control.

## 27. FUNDS FOR TAXES AND INSURANCE

The third unnumbered subparagraph of paragraph 2 of the Mortgage is changed to read as follows:

"If the amount of the Funds held by Lender for each escrow item, together with the future monthly payments of Funds for each escrow item payable prior to the due dates of the escrow items, shall exceed the amount required to pay each escrow item one month before the due date of each escrow item, the excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly payments of Funds. If the amount of the Funds held by Lender for each escrow item is not sufficient to pay each escrow item one month before it becomes due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as required by Lender."

## 28. APPLICATION OF PAYMENTS

Paragraph 3 of the Mortgage is changed to read as follows:

"Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to pay interest due; second, to pay principal due; third, to pay amounts due under paragraph 2; and last, to pay late charges due under the Note."

## 29. LENDER'S RIGHT TO INSURANCE PROCEEDS IN THE EVENT OF LOSS

The third unnumbered subparagraph of paragraph 5 of the Mortgage is changed to read as follows:

"The Lender, as its choice, may apply any insurance proceeds to reduce the amount that Borrower owes to the Lender under the Note and this Mortgage, whether or not then due and whether or not repairs have been made by Borrower, or Lender may use or release the insurance proceeds to repair or restore the Property, with any excess paid to Borrower."

## 30. INTEREST ON AMOUNTS SPENT BY LENDER TO PROTECT THE PROPERTY OR LENDER'S RIGHTS IN THE PROPERTY OR TO DEFEND LENDER'S RIGHTS UNDER THE NOTE AND MORTGAGE

Borrower agrees to pay interest at the maximum rate as stated in the Note on all amounts disbursed by the Lender (including reasonable attorney's fees) in accordance with paragraph 7 of the Mortgage or to defend Lender's rights under the Note and Mortgage.

## 31. NOTICE TO BORROWER NOT REQUIRED

In spite of the provisions contained in paragraphs 7 and 8 or elsewhere in the Mortgage, Lender is not required to give Borrower any notice before taking any action to protect the Property or Lender's rights in the Property, or to make an inspection of the Property, unless applicable law provides otherwise.

## 32. CONDEMNATION

The second unnumbered subparagraph of paragraph 9 of the Mortgage is changed to read as follows:

"Unless Borrower and Lender otherwise agree in writing, in the event of a total or partial taking of the Property, the proceeds shall be applied to the sums owed to Lender under the Note and this Mortgage, whether or not then due, with any excess paid to Borrower. Borrower shall pay to Lender the difference between any interest on the proceeds paid by the taking authority and the interest stated in the Note."

## 33. CHANGE IN LAW

If any law is enacted after the date of the Mortgage which requires the Lender to pay any tax or assessment because it is the holder of the Note and Mortgage, the Lender may require immediate payment in full of all sums secured by the Mortgage and may invoke any remedies permitted by paragraph 19 of the Mortgage, and as may be amended by this Rider, after giving Borrower thirty (30) days written notice of the enactment of such law.

## 34. NO RIGHT TO REINSTATEMENT BY BORROWER

Unless applicable law provides otherwise, paragraph 18 of the Mortgage will have no force or effect.

**35. LENDER'S RIGHTS IF BORROWER FAILS TO KEEP PROMISES**

Unless applicable law provides otherwise, paragraph 19 of the Mortgage is changed to read as follows:

"If Borrower fails to keep any promise or agreement made in the Note or in this Mortgage, including the promises to pay when due the amounts owed to Lender, the Lender may require that Borrower pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage. Lender may do this without making any further demand for payment. This requirement will be called "immediate payment in full". If Lender requires the immediate payment in full, Borrower agrees to pay interest on the entire amount remaining unpaid at the maximum rate as stated in the Note from the date Borrower breached any promise, covenant or agreement made in the Note or in the Mortgage. If Lender requires the immediate payment in full, Lender may bring a lawsuit to take away all of Borrower's remaining rights in the Property and to have the Property sold. This is known as "foreclosure and sale". At the sale, Lender or another person may acquire the Property. In any lawsuit for foreclosure and sale, Lender will have the right to (a) collect all costs and expenses incurred, including, but not limited to, attorney's fees and costs of title evidence allowed by law; (b) have the Property sold as one parcel; and (c) have a receiver appointed by the court without first giving notice to me and without regard to the value of the Property".

**36. LENDER'S RIGHTS TO RENTAL PAYMENTS FROM BORROWER**

The following subparagraph is added to paragraph 20 of the Mortgage:

"If Borrower fails to surrender possession of the Property after Lender requires immediate payment in full, Borrower shall pay monthly in advance to Lender or any court-appointed receiver, a fair charge for the use of the Property that Borrower occupies. If Borrower does not pay this charge, Lender or receiver may sue to collect it or to remove Borrower from the Property, or both. Borrower will not collect more than one month's rent in advance without Lender's written consent".

**37. ADDITIONAL CHARGES**

In spite of any provisions that may be contained in paragraph 21 or elsewhere in the Mortgage, unless applicable law provides otherwise, Borrower agrees to pay all reasonable charges in connection with the servicing of this loan, including, but not limited to, obtaining tax searches and bills and payment of tax bills; for processing dishonored checks, insurance loss payments, ownership transfers, releases, easements, consents, extensions, modifications, and reasonable attorney's fees for the preparation and/or review of such documents; and for the preparation of special agreements, assignments, reduction certificates and discharge or satisfaction of mortgage.

**38. STATEMENT OF AMOUNT DUE AND OF NO DEFENSE**

Within ten (10) days after request, Borrower will give the Lender a signed written statement, acknowledged before a notary, indicating the amount due under the Note and the Mortgage and stating whether Borrower has any claims or defenses which would offset or reduce this amount.

**39. THE NOTE IS A PART OF THIS MORTGAGE**

Borrower agrees that all of the promises and agreements which Borrower made in the Note are incorporated in and are a part of this Mortgage.

**40. RIDER VOID IF MORTGAGE SOLD TO FNMA, GNMA, FHLMC, RFC OR SMSC**

If the Federal National Mortgage Association ("FNMA"), Government National Mortgage Association ("GNMA"), Federal Home Loan Mortgage Corporation ("FHLMC"), Residential Funding Corporation ("RFC") or Sears Mortgage Securities Corporation ("SMSC") buys all or some of the Lender's rights under the Mortgage and the Note, the promises and agreements in this Rider will no longer have any force or effect, except those promises and agreements which are accepted by the purchasing organization.

This Rider is a part of the attached Mortgage and by signing below, Borrower agrees and intends to be legally bound by all of the above.

WITNESSES:

_Robert J. Kocsis_

ROBERT J. KOCSIS                     Borrower

_____   Borrower

_____   Borrower

_____   Borrower