# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CASE No. 19-14299-elf |
| | : | |
| Robert J. Kocsis, | : | Chapter 13 |
| | : | |
| Debtor. | : | Hearing: March 10, 2020 |
| | : | Hearing Time: 1:00PM |
| | : | Courtroom: #1 |
| | : | U.S. Bankruptcy Court |
| | : | Robert C. Nix Building |
| | : | 900 Market Street |
| | : | Philadelphia, PA 19107 |

### RESPONSE TO DEBTOR'S OBJECTION TO ALLOWANCE OF CLAIM NO. 3-1 OF ANTHIUM, LLC

COMES NOW Land Home Financial Services as servicer for Anthium, LLC (hereinafter, "Anthium") and responds to the Debtor's Objection to Allowance of Claim No. 3-1 of Anthium, LLC (hereinafter, "Objection") as follows:

**I.    FACTS**

1. On or about September 30, 2018, Robert J. Kocsis (hereinafter, "Debtor") executed borrowed the sum of $116,500.00 from Dime Real Estate Services – Pennsylvania, Inc. (hereinafter, "Original Creditor") pursuant to an Adjustable Rate Note (hereinafter, the "Note"). The maturity date on the Note is October 1, 2018. *See* **Exhibit A.**

2. The Note was secured by a Mortgage granting Original Creditor a security interest in the real property located at Rd #4 Passer Road Coopersburg, Pennsylvania 18036 (hereinafter, the "Property"). *See* **Exhibit B.**

3. Anthium is the current creditor on the Note and Mortgage. A complete chain of assignments is hereto attached as **Exhibit C.**

4. On September 16, 2019, Anthium timely filed proof of claim 3-1 (hereinafter, the "Claim") for its secured claim on the Property. The total debt on the claim is $61,277.03. The total arrearage on the claim is also $61,277.03 due to the maturity on the Note. *See* Claims Register, 3-1.

5. On January 21, 2020, the Debtor filed the Objection requesting disallowance of Anthium's Claim. The Debtor alleges four grounds for disallowance: (1) that the claim include interest in excess of the stated rate on the note, (2) that the claim contains unnecessary forced place insurance charges, (3) that the claim includes interest on interest charged in the last bankruptcy, and (4) that the Debtor was not refunded for poundage. *See* Docket No. 28.

## II. ARGUMENT

### a. Standard of Review

6. A claim or interest, proof of which is filed under section 501 of Title 11 of the United States Code, is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). If an objection is filed, a hearing is held by the Court to determine whether the claim should be allowed or disallowed and the amount of the claim. *In Re Mansaray-Ruffin*, 530 F.3d 230, 246 (3rd Cir. 2008).

7. During the claims allowance process, the burden shifts between the parties. Initially, a creditor bears the burden of establishing its claim. Fed. R. Bankr. P. 3001(f). Once a creditor properly executes and files a proof of claim in accordance with Federal Rules of Bankruptcy Procedure, its proof of claim is considered "*prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *In Re American Home Mortg. Holdings, Inc.*, 637 F.3d 246 (3rd Cir. 2011).

8. A properly filed proof of claim is *prima facie* evidence of validity and amount of claim and, to overcome this *prima facie* effect, the objecting party must bring forward evidence equal in probative force to that underlying proof of claim; only then is ultimate burden of persuasion with proponent of proof of claim. *In Re Lampe*, 665 F.3d 506 (3rd Cir. 2011); *VFB LLC v. Campbell Soup Co.*, 482 F.3d 624, 636 (3rd Cir. 2007); *In Re Allegheny Intern., Inc*, 954 F.2d 167, 173 (3d Cir. 1992), citing *In Re Windsor Communications Group, Inc.*, 45 B.R. 770, 773 (Bankr.E.D.Pa. 1985).

9. If a party objects to the claim, the objecting party carries the burden of going forward with evidence to overcome the prima facie validity and the amount of the claim. *In Re Allegheny, supra.* at 173, citing *In Re Holm,* 931 F. 2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02, at 502-22 (15th ed. 1991). If the objecting party produces evidence to refute at least one of the allegations essential to the claim's legal sufficiency, the burden of persuasion shifts back to the claimant. *Id.* citing *In Re WHET, Inc.*, 33 B.R. 424, 437 (Bankr.D.Mass. 1983).

    b. **<u>The Interest Include in the Proof of Claim is Proper</u>**

10. The Note provides for the calculation on the interest rate by "adding a Margin of three and one-quarter percentage points (3.25%) to the most recent Index figure available as of the date 45 days before each Change Date (Index + Margin) and then round the results of this addition to the nearest one-eight of one percentage point (0.125%)." The "Index" as defined in the Note is the "monthly median cost of funds ratio (annualized)(percent) as made available by the Federal Home Loan Bank Board." *See* **Exhibit A.** A visit to the

website for the Federal Home Loan Bank Board shows that the index value in August of 2005 was 2.87%. See **Exhibit D**.[1]

11. The Notice of Rate Adjustment referenced and attached to the Objection as Exhibit C states that the new interest rate of 6.1250% consists of the 2.87% index value and the 3.2500% margin mandated by the Note. *See* Docket Entry 28. Accordingly, the October 5, 2005 Notice of Rate Adjustment lists the proper interest rate.

12. The Debtor has not put forward any other examples beyond the October 5, 2005 Notice of Rate Adjustment to support their assertion that the Claim includes interest in excess of the stated rate on the Note.

   c. **The Hazard Insurance Disbursements Made by Creditor Were Proper**

13. The Debtor takes issue with Hazard Insurance disbursements made by the Creditor from the period of January 2013 to January of 2018. Under the paragraph 7 of the Mortgage, the Debtor is due to "keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term 'extended coverage' and any other hazards for which Lender requires insurance." *See* **Exhibit B.** Additionally, if the Debtor "fails to perform the convents and agreements contained in [the Mortgage]"….then Creditor "may do and pay for whatever is necessary to protect the value of the Property and [Creditor's] rights in the Property." *Id.* Any amounts disbursed by Creditor in accordance with the covenants of the Mortgage become additional debt of the Debtor. *Id*.

---

[1] The Debtor purports to attach a chart of applicable interest rates as Exhibit B of the Objection; however, the attachment in fact is titled "National Monthly Median Costs of Funds Ratio for OTS Regulated Institutions."

14. The Debtor alleges that they have had continuous insurance which he paid for during the time period of January 2013 to January 2018; however, the Debtor provides no evidence that he in fact has maintained insurance on the Property.

15. As to the Debtor's allegation that they were overcharged $5,643.10 for unnecessary forced place insurance from 1999 to 2001, the Debtor again fails to provide any evidence to support this allegation. To the extent the Debtor alleges that the amount was paid in a previous bankruptcy plan, the proof of claim filed by SN Servicing Corporation in bankruptcy case #06-15790 (the "2006 Bankruptcy Case") only included an arrearage dating back to March of 2003. It is unclear from the Objection on its face where the Debtor is obtaining the $5,643.10 figure. Moreover, the Debtor failed to object to SN Servicing Corporation's proof of claim 3 in the 2006 Bankruptcy Case and should thus be precluded from doing so here.

    d.  **Interest Charges from the Debtor's 2006 Bankruptcy Case**

16. The Debtors allegations in regards to the $14,617.95 arrearage on claim 3-2 from the 2006 Bankruptcy Case are again misplaced as the Debtor failed to object to said claim in the prior bankruptcy and thus should be precluded from doing so in this case.

17. Nevertheless, and without waiving any of the aforementioned arguments, Creditor has determined that the $14,617.95 may have been mischaracterized in the attachment to proof of claim 3-2 from the 2006 Bankruptcy Case. Creditor is currently investigating this matter and requests additional time to do so.

//

//

//

    e. **Refund of Poundage**

18. The refund from the poundage was received after the Claim was filed. It appears that the check was sent to the incorrect address by foreclosure counsel. Creditor will be adjusting the loan to reflect the refund of the poundage.

### III.   CONCLUSION

WHEREFORE, Land Home Financial Services as servicer for Anthium, LLC requests that the Court deny the Debtor's Objection to Allowance of Claim No. 3-1 of Anthium, LLC.

Date: March 3, 2020                              Attorney for Land Home Financial Services
as servicer for Anthium, LLC

/s/ Lisa Cancanon
Lisa Cancanon, PA #323550
Weinstein & Riley, P.S.
11101 West 120th Avenue #280
Broomfield, CO 80021
Telephone: (303) 539-8600

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the *RESPONSE TO DEBTOR'S OBJECTION TO ALLOWANCE OF CLAIM NO. 3-1 OF ANTHIUM, LLC* was served on the following parties by electronic service via the Court's ECF filing system or by first-class mail on March 3, 2020:

<u>Trustee via E-Filing:</u>
WILLIAM C. MILLER, Esq.
Chapter 13 Trustee
Email: ecfemails@ph13trustee.com

<u>U.S. Trustee via First-Class Mail:</u>
United States Trustee
Office of the U.S. Trustee
200 Chestnut Street
Suite 502
Philadelphia, PA 19106

<u>Debtor's Counsel via First-Class Mail:</u>
JON M. ADELSTEIN
3993 Huntingdon Pike
Suite 210
Huntingdon Valley, PA 19006

<u>Debtor via First-Class Mail:</u>
Robert J. Kocsis
1106 Passer Road
Coopersburg, PA 18036

                                            <u>/s/ Scott Allen</u>
                                            Scott Allen
                                            Legal Assistant to Lisa Cancanon