# EXHIBIT A

## ADJUSTABLE RATE NOTE

THIS DOCUMENT CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE. INCREASES IN THE INTEREST RATE WILL RESULT IN HIGHER PAYMENTS. DECREASES IN THE INTEREST RATE WILL RESULT IN LOWER PAYMENTS.

Loan No. ███████

September 30, , 19 88    Bethlehem    ,    PENNSYLVANIA
                          [City]                  [State]

RD #4 Passer Road    Coopersburg    Pennsylvania    18036
[Property Address]   [City]         [State]        [Zip Code]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 116,500.00 (this amount is called "principal") plus interest, to the order of the Lender. The Lender is DIME REAL ESTATE SERVICES-PENNSYLVANIA, INC., a New York corporation having an office at 999 West Valley Road, Wayne, Pennsylvania 19087 . I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

I will be charged interest on the unpaid principal from the date of this Note continuing until the full amount of principal has been paid. I will pay interest at a yearly rate of 8.25 %. The rate of interest I will pay will change in accordance with Section 4 of this Note.

### 3. PAYMENTS

**(A) Time and Place of Payments**

Except when this Note is dated the first day of a month, I will make a payment of interest only from the date hereof to the first day of the following month.

I will pay principal and interest by making payments every month. I will make my monthly payments on the first day of each month beginning on November 01, , 19 88 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If on October 01, , 20 18 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at EAB Plaza (12th Floor), Uniondale, New York 11556-0122, or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My Monthly payments will be in the amount of U.S. $ 875.23 . This amount will change if the rate of interest that I must pay changes. The Note Holder will determine my new rate of interest and the changed amount of my monthly payment in accordance with Section 4 of this Note.

### 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The rate of interest I will pay may change on the first day of October , 19 89 , and on that day every ☐ 6th ☒ 12th ☐ 36th ☐ 60th (Check only one box) month thereafter. Each date on which the rate of interest could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is: (Check only one box)
☒ the monthly median cost of funds ratio (annualized) (percent) as made available by The Federal Home Loan Bank Board
☐

If the Index is no longer available, the Note Holder will choose a new index which will be comparable, as determined by the Note Holder.

**(C) Setting the New Interest Rate and New Monthly Payment Amount**

Before each Change Date, the Note Holder will calculate my new interest rate by adding a Margin of three and one-quarter percentage points ( 3.25 %) to the most recent Index figure available as of the date 45 days before each Change Date (Index + Margin) and then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, if any, this rounded amount will be the new rate of interest I am required to pay until the next Change Date.

The Note Holder will then determine the monthly payment amount that would be sufficient to repay the outstanding principal balance in full on the maturity date at my new rate of interest in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

PENNSYLVANIA
9663 (3/88) Variable Rate Mtge. Note

Page 1 of 3

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 10.75 %. Thereafter, my interest rate will never be increased on any single Change Date by more than two percentage points (2.00 %). My interest rate will never be greater than 13.90 %. *(A blank space or 'N/A' means there is no limit on any increase or decrease in the interest rate I must pay)*

**(E) Effective Date of Changes**

The new rate of interest will become effective on each Change Date. I will pay the new amount of my monthly payment each month beginning on the first monthly payment date after the Change Date until the amount of my monthly payment is again changed or I have fully repaid the loan.

**(F) Notice of Changes**

The Note Holder will mail or deliver to me a notice of any changes in the amount of my interest rate or in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the name and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment, or partial prepayments, provided I pay an additional sum equal to: *[Check applicable box(es)]*

☐ _____ % of any amount prepaid in excess of 10% of the unpaid principal balance in any single calendar year.

☒ NONE

No charge will be imposed on any prepayment made within ninety (90) days after notice of a change in my monthly payment. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due date of my monthly payments unless the Note Holder agrees in writing to those delays. My partial prepayment will reduce the amount of my monthly payments only after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any of my monthly payments by the end of fifteen (15) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 4.00 % of my total overdue payment of principal, interest and escrow amounts. I will pay this late charge only once on any late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment within 30 days after it is due, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. If the Note Holder requires me to pay immediately in full, I will pay interest on the unpaid principal balance after default at the maximum rate as stated in Section 4 (D) above.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(C) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all its costs and expenses to enforce this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorney's fees.

**7. GIVING OF NOTICE**

Any notice that must be given to me under this Note will be given by delivering it or by mailing it addressed to me at the Property Address stated above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it to the Note Holder under the address stated in Section 3(A) above. A notice will be mailed to the Note Holder at a different address if I am given a notice of this different address.

**8. LOAN CHARGES**

It could be that this loan is subject to a law which sets maximum loan charges and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan would exceed permitted limits. If this is the case, then: (A) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (B) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

9. **WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

10. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts under this Note.

11. **THIS NOTE SECURED BY A MORTGAGE**

In addition to the protection given to the Note Holder under this Note, a Mortgage, dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. The terms of that Mortgage are made a part of this Note.

12. **TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

The Note Holder will not require immediate payment in full if all or any part of the Property, or if any right in the Property is sold, transferred or assigned without the Note Holder's prior written consent. Any provision contained in this Note or the Mortgage which gives Note Holder that right, will not be effective.

I will continue to be responsible for all of my promises and agreements under this Note and the Mortgage even if I sell, transfer or assign the Property to someone else, unless the Note Holder releases me in writing from my promises and agreements.

By signing this, I agree to and intend to be legally bound by all of the above.

Witnesses:

_____ ROBERT J. KOCSIS  Borrower

_____ _____ Borrower

_____ _____ Borrower

_____ _____ Borrower

**PAY TO BEARER**

STATE OF PENNSYLVANIA

COUNTY OF NORTHAMPTON } SS:

DIME SAVINGS BANK OF N.Y., F.S.B.

BY: _____
VICTOR L. LaPOMA, Vice President

I, Brenda A. Martin, a Notary Public in and for said county and state, do hereby certify that Robert J. Kocsis _____, personally appeared before me and is (are) known or proved to me to be the person(s) who, being informed of the contents of the foregoing instrument, have executed same, and acknowledged said instrument to be (his, her, their) free and voluntary act and deed and that (he, she, they) executed said instrument for the purposes and uses therein set forth.

Witness my and official seal this 30th day of September, 1988.

My Commission Expires:

_____
Notary Public

This instrument was prepared by _____

PAY TO THE ORDER OF
THE DIME SAVINGS BANK OF NEW YORK, FSB
WITHOUT RECOURSE
NORTHSHORE CONSOLIDATION CORP.
SUCCESSOR TO DIME REAL ESTATE SERVICES--
PENNSYLVANIA INC.

BY: _____
ROBERT J. McDONOUGH
ASSISTANT VICE PRESIDENT

```
NOTARIAL SEAL
BRENDA A. MARTIN, Notary Public
Bethlehem, Northampton County, PA
My Commission Expires May 18, 1992
```

PENNSYLVANIA
9663 (3/88) Variable Rate Mtge. Note

Page 3 of 3

## ALLONGE

BORROWERS: ROBERT J. KOCSIS

PRESENT OWNER AND HOLDER: THE DIME SAVINGS BANK OF NEW YORK, FSB

NOTE EXECUTION DATE: September 30, 1988

NOTE AMOUNT:  $ 116,500.00

    This allonge shall be annexed to the original Note (or a copy of the Note with a Lost Note Affidavit if the original cannot be located), referenced above for purposes of transferring same from the present Owner and Holder of the Note, THE DIME SAVINGS BANK OF NEW YORK, FSB ("transferor"), as of the date set forth below. As a result of said transfer, THE DIME SAVINGS BANK OF NEW YORK, FSB has no further interest in the Note.

Dated:  June 28, 2000

                  Pay to the order of
                  ALASKA LOUISIANA PARTNERS
                  LIMITED PARTNERSHIP

                  without recourse,
                  representation or
                  warranty express of implied
                  this 28th day of June, 2000.

                  By: _____
                  Michael Blair, Vice President

## ALLONGE TO NOTE

**Loan #:** ▮▮▮▮
**Pool #:** ▮▮▮▮

Borrower: ROBERT J. KOCSIS
Loan Amount: $116,500.00
Original Lender: DIME REAL ESTATE SERVICES-PENNSYLVANIA, INC.
Property Address: RD 4 PASSER RD, COOPERSBURG, PA 18036

Pay to the order of **Mortgage Electronic Registration Systems, Inc., its successors and assigns, as nominee for Ingomar Limited Partnership, its successors and assigns** without recourse.

**Alaska Louisiana Partners Limited Partnership, an Alaska Limited Partnership**
**By: Alaska Louisiana Newco, LLC, its General Partner**

_____
Name: Kevin J. Patrick
Title: Assistant Secretary

MIN # ▮▮▮▮

## ENDORSEMENT ALLONGE TO PROMISSORY NOTE

Pay to the order of ~~INGOMAR LIMITED PARTNERSHIP, A NEVADA Limited Partnership~~
without recourse.

MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC.,
As Nominee for Ingomar Limited Partnership,
A Nevada Limited Partnership

BY: _____
Lisa Briggs, Assistant Secretary

Loan # [redacted] Borrower: KOCSIS
MIN: [redacted]
Pool 428/North American   BT/Ingomar

# ENDORSEMENT ALLONGE TO PROMISSORY NOTE

Pay to the order of JPMorgan Chase Bank as Trustee of the Security National Mortgage Loan Trust 2002-1, without recourse.

INGOMAR LIMITED PARTNERSHIP,
A NEVADA LIMITED PARTNERSHIP
BY INGOMAR, INC., A NEVADA CORPORATION
ITS GENERAL PARTNER

By: _____
SANDRA AUSTIN
VICE PRESIDENT

## ENDORSEMENT ALLONGE TO PROMISSORY NOTE

Pay to the order of **CHRISTIANA BANK & TRUST COMPANY, AS OWNER TRUSTEE OF THE SECURITY NATIONAL FUNDING TRUST**
without recourse.

**JPMORGAN CHASE BANK AS TRUSTEE OF THE SECURITY NATIONAL MORTGAGE LOAN TRUST 2002-1, BY SN SERVICING CORPORATION, ITS ATTORNEY IN FACT**

BY: *Brett Summitt* (signature)
Sandra Austin, Vice President, OR
Brett Summitt, Vice President


Loan # [redacted]
Borrower: KOCSIS ROBERT
Pool [redacted] TO SNFT
SNFT/BMO


**ORIGINAL**
SN Servicing

## ENDORSEMENT ALLONGE TO PROMISSORY NOTE

Pay to the order of **CHRISTIANA BANK & TRUST COMPANY, AS TRUSTEE OF THE SEQUOIA FUNDING TRUST**

without recourse.

**CHRISTIANA BANK & TRUST COMPANY AS OWNER TRUSTEE FOR SECURITY NATIONAL FUNDING TRUST, BY SN SERVICING CORPORATION, AN ALASKA CORPORATION, ITS ATTORNEY IN FACT**

BY: _____
Sandra Austin, Vice President, OR
Brett Summitt, Vice President

Loan # [redacted]
Borrower: ROBERT KOCSIS
Pool REFI/BMO TO BOA
SEQUOIA FT/BOA

**ORIGINAL**
SN Servicing

## ENDORSEMENT ALLONGE TO PROMISSORY NOTE

Pay to the order of   Bayview Loan Servicing, LLC                             ,
without recourse.

**CHRISTIANA BANK & TRUST COMPANY AS TRUSTEE OF THE SEQUOIA FUNDING TRUST, BY SN SERVICING CORPORATION, ITS ATTORNEY IN FACT**

BY: _/s/ Sandra Austin_

Sandra Austin, Vice President, OR
Brett Summitt, Vice President

Loan #: [redacted]
Borrower: ROBERT KOCSIS
Pool REFI/BMO TO BOA
SEQUOIA FT/BOA

**ORIGINAL**
SN Servicing

ALLONGE TO NOTE    BV# ▮

Statement of Purpose: This Note Allonge is attached to and made part of the Note, for the purpose of Noteholder Endorsement to evidence a transfer of interest.

BORROWER:    ROBERT KOCSIS

CO-BORROWER:

CO-BORROWER:

OBAL:    $116,500.00

NOTE DATE    9/30/1988

ADDRESS:    1106 PASSER ROAD COOPERSBURG, PA 180360000

PAY TO THE ORDER OF:

Bayview Dispositions IIIa, LLC

WITHOUT RECOURSE:

BAYVIEW LOAN SERVICING, LLC

BY: _____

NAME:    ESLOAN SOTOLONGO

TITLE:    Assistant Vice-President

ALLONGE TO NOTE    BV# ▮

Statement of Purpose: This Note Allonge is attached to and made part of the Note, for the purpose of Noteholder Endorsement to evidence a transfer of interest.

BORROWER:    ROBERT KOCSIS
CO-BORROWER:
CO-BORROWER:

OBAL:    $116,500.00
NOTE DATE    9/30/1988
ADDRESS:    1106 PASSER ROAD COOPERSBURG, PA 180360000

PAY TO THE ORDER OF:

ATLANTICA, LLC

WITHOUT RECOURSE:

Bayview Dispositions IIIa, LLC

BY: *[signature]*
NAME:    ESLOAN SOTOLONGO
TITLE:    Assistant Vice-President

# Allonge to Note

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE NOTE REFERRED TO BELOW:

Loan #            980916

OI #              47685856

NOTE AMOUNT:      $116,500.00

BORROWER NAME(S): **ROBERT J. KOCSIS**

PROPERTY ADDRESS: **RD #4 PASSER ROAD, COOPERSBURG, PA 18036**

ORIGINAL LENDER:  DIME REAL ESTATE SERVICES-PENNSYLVANIA, INC

NOTE DATE:        SEPTEMBER 30, 1988

PAY TO THE ORDER OF:

WITHOUT RECOURSE:   ATLANTICA, LLC

By: _____
Name: ANGELIQUE C. MILLER
Title:   Authorized Representative